8 U.S. 73 (____)
4 Cranch 73
PENDLETON AND WEBB
v.
WAMBERSIE ET AL.
Supreme Court of United States. 

ERROR to the circuit court for the district of Georgia, in a suit in equity, in which Pendleton and Webb were complainants, against Emanuel Wambersie, James Seagrove, and the representative of James Armstrong, Jacob Weed, and Henry Osborne, were defendants.
The bill stated that Henry Osborne, Jacob Weed, James Armstrong, James Seagrove, and the complainant John Webb, on the 22d of December, 1786, entered into an agreement with each other, under seal, to procure lands on their joint account in the state of Georgia, to an amount not exceeding 200,000 acres, at *74 their joint expense, and for their joint benefit. That grants were obtained for about 165,000 acres. That Webb by deed transferred all his right to the lands and contract to John M`Queen, in consideration of 400l. sterling, to be paid in four equal annual instalments. That M`Queen, not having paid Webb, assigned his right to Pendleton, the complainant, who undertook to indemnify M`Queen against Webb's demand. That Webb has never received the money due from M`Queen. That Wambersie, as agent for the company, had sold 60,000 acres of the land in Holland, at one dollar and fifty-six cents per acre, had received in cash 51,000 dollars, and had made himself liable for the balance. That he has refused to pay to the complainant, Pendleton, the one-fifth of the purchase money. That the other defendants refuse to divide the residue of the lands, and to account for the profits, &c. That the lands are liable, in the hands of the purchasers, for the balance of the purchase money, both to the complainant Webb, for the purchase money due to him, and to the complainant Pendleton for his one-fifth of the amount of the sales. The bill seeks a discovery of the amount of lands granted to the company, of the amount sold, &c. and prays that the defendants may account, and that the lands may be charged with the balance of the purchase money, &c.
The defendants demurred for want of equity in the bill, and the court below sustained the demurrer, and decreed that the bill be dismissed, with costs.
But this court, without argument, overruled the demurrer, reversed the decree, and remanded the cause for further proceedings.