# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## GODDIN v. BLAND & BRO.

### April 30th, 1891.

EQUITABLE JURISDICTION—*Account.*—Where one is employed at a certain price per cord to buy wood to be delivered to said agent's employers, and the only question in dispute is the quantity of wood bought and the sum due said agent therefor, *held*, equity has no jurisdiction though the account is a long one and much of it disputed.

Appeal from two decrees of circuit court of King William county, rendered respectively on October 4th, 1887, and on July 1st, 1889, in a chancery suit, wherein James T. Bland and George C. Bland, partners trading under the name of J. T. Bland & Bro., were plaintiffs, and Sylvanus Goddin was defendant. The decree being adverse to the defendant, he appealed. Opinion states the case.

*J. F. Hubbard,* for the appellant.

*Pollard & Sands,* for the appellees.

LACY, J., delivered the opinion of the court.

The case is as follows: In 1884, Bland & Bro., residents of King and Queen county, in Virginia, employed Sylvanus Goddin, a resident of the county of New Kent, in the same State, to purchase for them poplar cord wood in the counties of New Kent, Charles City, James City, and York, situated in what is

known as the "Peninsula," in this State, lying between the James river and the York river, and its affluent, the Pamunkey river, at an agreed price,, to be delivered by the vendors thereof, to the said Bland & Bro., at the river and creek landings in that section on board of vessels and barges to be there provided by Bland & Bro. to receive the same, Goddin to receive 25 cents per cord for his compensation for buying the said wood; the said Bland & Bro., the appellees, to advance to those persons, so selling them wood, $1.50 to pay for cutting and delivering this wood at the landing, to be paid for in full by the said appellees as it should be put on board of the vessel or barge. A large quantity of wood was purchased by Goddin for the said appellees—enough, by his claim, to bring his compensation up to $1,597.10, at 25 cents per cord. The appellees not making payment of this claim of Goddin at request, in June, 1885, the said Goddin brought, in New Kent county, his action of *assumpsit* against the said Bland & Bro., to which action the said defendants pleaded in abatement to the jurisdiction of the court, upon which issue was joined and a jury sworn to try the said issue, and the evidence was partly heard, and the arguments of counsel were partly had, when the defendants withdrew this plea, and pleaded *non assumpsit*, and issue was joined upon this plea, and the cause continued. Subsequently, and before final judgment in this suit at law in New Kent, in the year 1886, the defendants in that suit brought their bill in chancery in the adjoining county of King William, wherein the foregoing contract for the purchase of cordwood was set forth, and the delivery of 2,672⅔ cords of wood is set forth, by which it is admitted that Goddin is entitled to receive $668.10 as compensation for his services, whereas he is claiming against the said Bland & Bro. the larger sum of $1,529.34, on account of his services in buying cord-wood at 25 cents per cord, and that this large difference is caused by the act of Goddin in charging for large quantities of wood never really delivered; and that said Goddin should not be allowed

to proceed with his said suit at law now pending and undetermined in New Kent county, (1) because long and intricate accounts are involved; (2) because he has been paid $200 for his services, of which he has rendered no account; (3) because it is still undetermined what amount of wood the said plaintiffs, Bland & Bro., will have to account for; and (4) because the case involves the trial of at least 25 cases of dispute, and that irreparable mischief will be done if the common-law action is allowed to proceed (no discovery is sought, but answer under oath is waived), and that said Goddin be enjoined from prosecuting his suit, etc. The injunction was awarded, an account ordered and taken, and a decree made substantially in accordance with the views set forth in the plaintiff's bill, and Goddin appealed to this court.

The first ground of error assigned here is that the bill should have been dismissed because a court of equity was without jurisdiction in the premises, the remedy at law being adequate and ample; that the ground for relief sought by the bill against the action pending at law does not come within any of the recognized heads of equity jurisdiction, there being neither accident, mistake, forfeiture, mutual or very complicated accounts, fraud, discovery, nor trusts. It is true an account is prayed for, and it is conceded that the jurisdiction of equity in matters of account is among the most comprehensive of those which it has assumed. Yet it is not every case of account of which a court of equity has jurisdiction. As has been said: Although I run up an account at a store, my merchant cannot, as a matter of course, sue me before that tribunal; to entitle him to proceed there, he must show some ground of interference, such as fraud, the necessity of discovery, complications in accounts, or such like (2 Tuck. Comm. Laws Va., page 409; *Lord Courteney* v. *Godschall,* 9 Ves., 473), or upon the ground that courts of law cannot give a remedy, or cannot give so complete a remedy, as equity. (*Smith* v. *Marks,* 2 Rand., Va,, 452.)

In this case the dispute was as to the quantity of wood delivered to the plaintiffs, actually or constructively, pursuant to their contract. The plaintiffs stated it as set forth in their bill; the defendant, Goddin, claimed pay for over six thousand cords of wood purchased pursuant to the contract above referred to. While these figures may be admitted to be large, the question is at least one of fact, to be proved by legal evidence, and involved a single issue. No discovery was sought, and no account was involved which was in any degree complicated, and there were no mutual accounts in dispute, as the plaintiffs had kept and the defendant did not dispute the account of their payments on the account. The simple and single question in dispute was as to the quantity of cord-wood purchased and delivered, actually or constructively, pursuant to the contract. There was no such relation of principal and agent as justified the interference of a court of equity. The account between Goddin and his principal was not in dispute. The mere relation of principal and agent was not sufficient, there being no trust or fiduciary element in the relation here. The relation was and is rather that of employer and employee. And the action of the employee for his hire is properly cognizable in a court of law, and there the plaintiffs could, under the plea of *non assumpsit*, avail of every defense which they have really interposed in their present suit in equity. And the bill of the plaintiffs should have been dismissed, and the parties left to liquidate their dispute in the pending action at law in the circuit court of New Kent. We have been cited by the learned counsel for the appellants to 3 Pom. Eq. Jur., sec. 1421; *Coffman* v. *Sangston*, 21 Gratt., 269; *Marvin* v. *Brooks*, 94 N. Y., 76. See also Barb. Ch. Pr., 12, 13; *Terrell* v. *Dick*, 1 Call, 546; *Alderson* v. *Biggars*, 4 Hen. & M., 471; *Barrett* v. *Floyd*, 3 Call, 231; *Campbell* v. *Rust*, 85 Va., 665, opinion of Richardson, J., and cases cited; *Penn* v. *Ingles*, 82 Va., 65; *Tillar* v. *Cook*, 77 Va., 481. The case presents no ground whatever for equitable jurisdiction, and should have

been dismissed at the hearing, and the decree of the circuit court of King William, granting the relief prayed for, and perpetually enjoining the defendant, Goddin, from proceeding with his action at law in the circuit court of New Kent, is erroneous, and will be reversed and annulled, and the bill dismissed. But as the case in New Kent, at law, must be tried upon the legal evidence there to be adduced, we will express no opinion upon the merits, upon the evidence adduced in this case. And such decree will be rendered here as the said circuit court of King William should have rendered, and the bill of the plaintiffs dismissed, with costs.

DECREE REVERSED.