## CHARLESTON.

Lynch, Exor. *et al.* v. Armstrong *et al.*

Submitted October 10, 1917.　Decided October 23, 1917.

1. Executors and Administrators—*Distribution—Equitable Jurisdiction.*

    Equity has jurisdiction of a bill to compel distribution of funds in the hands of the administrator of a decedent, brought by the executor, legatees and distributees of a testatrix, against said administrator and others claiming as heirs of the testatrix, pending a suit to contest her will, alleging that the testatrix was sole heir and distributee of the estate in the hands of such administrator; that her executor, acting under authority conferred by the will, her legatees and distributees made an agreement, compromising said suit and apportioning her estate among such legatees and distributees; and that said administrator declines and refuses to account and turn over to plaintiffs said fund because of adverse claimants thereto.　(p. 139).

2. Equity—*Executors and Administrators—Bill to Compel Distribution—Multifariousness—Joinder of Parties.*

    Such bill is not multifarious, nor does it improperly join as defendants adverse claimants to the estate of testatrix.　(p. 140).

3. Executors and Administrators—*Bill to Compel Distribution—Determination as Between Adverse Claimants.*

    As an incident to such suit, the court has power to determine and adjudicate between the conflicting claimants as to who are the heirs and distributees of testatrix's estate.　(p. 140).

Certified Questions from Circuit Court, Harrison County. Suit in chancery by William B. Lynch, executor of Louisa

Ann Armstrong, sometimes called Louisa Ann Butcher, deceased, and other, against Dollie Catherine Armstrong, G. H. A. Kunst, administrator of Adolphus Armstrong, deceased, and others. Demurrers to bill overruled, and questions certified by the circuit court of Harrison county.

*Decree overruling demurrers affirmed.*

*Chas. E. Hogg, W. W. Brannon, E. A. Brannon, Harvey W. Harmer, W. B. Lynch, Osman E. Swartz* and *I. C. Ralphsnyder,* for plaintiffs.

*John L. Hechmer, John H. Riley* and *Fred L. Shinn,* for defendants.

WILLIAMS, JUDGE:

This suit in chancery was brought in the circuit court of Harrison county by William B. Lynch, executor of Louisa Ann Armstrong, deceased, sometimes called Louisa Ann Butcher, and by numerous others claiming to be her heirs, distributees and legatees, against Dollie C. Armstrong and numerous other defendants, alleged claimants of her estate, and G. H. A. Kunst, administrator of Adolphus Armstrong, deceased. The parties plaintiff and defendant number about one hundred and seventy-five, and the bill is voluminous, covering forty-eight pages of typewritten matter, besides numerous other papers exhibited with it.

Briefly stated, the material averments are that Adolphus Armstrong died in Taylor county, West Virginia, on the 7th of February, 1907, intestate, unmarried and without issue, seized and possessed of a large and valuable estate, consisting of realty and personalty, leaving as his only heir at law and distributee, one Louisa Ann Armstrong, otherwise known as Louisa Ann Butcher, sometimes also called Lou Smith; that at the time of his death the said Louisa Ann Armstrong was living in Monroe county, Ohio; that, on the 30th of July, 1907, she died, unmarried, leaving no issue surviving; that she left a will which was duly probated in Monroe county, Ohio, and ancillary probate thereof made in Taylor county, West Virginia, a copy of which will, with the certificate of probate, is exhibited with the bill.

That the said William B. Lynch was appointed her executor by the will, and qualified as such in Monroe county, Ohio, and also in Taylor county, West Virginia, and has ever since been and is now acting as such executor.

That by her will the said Louisa Ann Armstrong, deceased, disposed of all her estate and sets out numerous pecuniary legacies bequeathed to various persons alleged to be residents of the state of Ohio, and elsewhere, who are joined as plaintiffs in the bill.

That by her will, her said executor was authorized and empowered to compromise, adjust and discharge in such manner as he might deem proper any claims due the testatrix, to sell all of the personal property and real estate and make deeds for the same, and also to compromise any suits with reference to the settlement of her estate in any court or courts as he might deem proper.

That by a residuary clause of her will, she gave all the residue of her property to her next of kin living in the state of West Virginia, stating that they consisted of the descendents of the brothers and sisters of her mother, Sarah Butcher, specifically naming them.

That certain of the kindred of Adolphus Armstrong, deceased, as well as the kindred of Louisa Ann Armstrong, being dissatisfied with the disposition she had made of her property, instituted a suit in Monroe county, Ohio, to contest and set aside her will; that not all of her next of kin were made parties to that suit.

That pending the suit an agreement was entered into the 31st of May, 1911, by and between William B. Lynch, the said executor of Louisa Ann Armstrong, deceased, Tena Smith, the principal beneficiary under her will, and certain of her heirs at law, whereby they agreed to distribute to and among themselves the entire estate, real and personal, of Louisa Ann Armstrong, deceased, regardless of the outcome of the suit to contest the will, in the proportion of one-third thereof to Tena Smith and the other legatees, living in Ohio, and the remaining two-thirds to the residuary devisees and legatees, who are the next of kin of the testatrix residing in West Virginia; that many of the residuary legatees had dis-

posed of their interests in the said estate to one William M. Ralphsnyder who is a party plaintiff to the bill; that all others, entitled to share in said estate either as legatees under the will, or as distributees, who did not sign said agreement, did by subsequent agreements in writing, executed by some of them in person, and by attorney in fact by others, ratified and approved the original agreement, except W. W. Shoch, trustee, Mary Abigail Shoch Batten and the heirs at law of Elias Fisher, deceased, who are some of the residuary legatees, and who are made parties to the bill. These contracts are exhibited with the bill.

That by the last of said writings, dated March 27, 1915, it was further agreed concerning the distribution of the estate of Adolphus Armstrong, deceased, that the Ohio devisees and legatees under the will of Louisa Ann Armstrong, deceased, should receive 20 % of it in full satisfaction and discharge of all their bequests and legacies, that Wm. M. Ralphsnyder should receive 52-2/9% of it, and out of his share pay off and discharge all claims made to said estate by Isaac C. Ralphsnyder as vendee and purchaser of any claims made to said estate by Dollie C. and Edward Armstrong; that all others of the next of kin of Adolphus Armstrong, deceased, some being represented by George Woofter, as attorney in fact, and others by E. A. Brannon, their attorney in fact, should receive in full satisfaction of their claims, the residue of said estate, except such interests therein as are claimed by the heirs at law of Frank Batten, deceased, and by the heirs of Elias Fisher, deceased, or by their assignees, and, respecting the interests of the said Batten heirs, it was agreed that the said Isaac C. Ralphsnyder should receive and apply them on his own account, in full settlement and satisfaction thereof.

That by virtue of the aforesaid will, and the agreements before mentioned, the plaintiffs to this suit are entitled to the estate, both real and personal of which Adolphus Armstrong died seized and possessed, except the small interests therein represented by W. W. Shoch, trustee, and Mary Abigail Shoch Batten, who claim the share of Frank Batten, deceased, under the residuary clause of the will of Louisa Ann Armstrong, deceased.

The bill makes all the devisees under the will parties plain-

tiff, except W. W. Shoch, trustee, and Mary Abigail Shoch Batten who are made defendants, and avers that they and the said executor, Wm. B. Lynch, by the execution of the aforesaid compromise agreement, have made distribution of the estate of Louisa Ann Armstrong, deceased, and are entitled to the fund now in the hands of G. H. A. Kunst, administrator of Adolphus Armstrong, deceased.

The bill alleges that there is in the hands of said administrator large sums of money derived from the sale of personal property administered by him, which he should account for and turn over to plaintiffs, unless such property should be determined by the court to belong to other claimants.

That certain other parties, who are numerous and who are made defendants to the bill, claim an interest in the estate of Adolphus Armstrong, and in the estate of Louisa Ann Armstrong, deceased, and that plaintiffs are not advised as to the source or the right of such claims, and, therefore, ask that the same be adjudicated by the court. The bill also makes certain persons claiming to be creditors of the estate of Louisa Ann Armstrong, deceased, parties and asks that the amount of their claims be ascertained and adjudicated.

It avers that said G. H. A. Kunst, administrator of Adolphus Armstrong, deceased, declines to pay over to plaintiffs, or to any of them, the personal estate now in his hands for distribution, because of the various conflicting claims thereto made by some of the defendants to this suit, and also declines to institute a suit himself for the purpose of determining who are entitled to said estate now in his hands, and that, in consequence thereof, plaintiffs have been impelled to bring this suit for the purpose of determining the conflicting claims to the personal estate in his hands and having proper distribution thereof.

Plaintiffs pray that said administrator may be required to account for and pay over the funds which came, or should have come into his hands as administrator of Adolphus Armstrong, deceased, and that the same may be distributed among the parties lawfully entitled thereto; that the question as to who are the rightful heirs at law and distributees of Adolphus Armstrong be adjudicated, and the various conflicting

claims to the personal estate be settled and determined, and that said administrator be decreed to turn over the same to the persons lawfully entitled thereto, and also for general relief.

Separate demurrers in writing were filed to the bill by the aforesaid administrator and by Stella G. Madagan and others, stating the ground thereof. The demurrers were overruled and the court, on its own motion, has certified the questions arising thereon to this court. It is claimed by demurrants (1) that of the many plaintiffs named, only Wm. B. Lynch, executor of the will of Louisa Ann Armstrong, deceased, has shown any right to demand relief against said administrator; (2) that the plaintiffs seek by one bill to distribute the estate of Adolphus Armstrong, deceased, and also to settle the executorial accounts of William B. Lynch, and to distribute the estate of Louisa Ann Armstrong, deceased; (3) that the bill does not aver a demand was made upon the administrator by any person entitled to receive any part of this estate, nor that a tender was made of a sufficient refunding bond, as required by section 29, ch. 89, Code; (4) and does not aver the failure of said administrator to settle his accounts, as required by law, nor state any reason why the said William B. Lynch, executor, has not availed himself of the provisions of sec. 31, ch. 87, Code; (5) nor that any order was made by the county court of Taylor county, requiring said administrator to make distribution of the estate in his hands, nor any excuse for the failure of the plaintiffs to make application to said county court for such an order; (6) that complaint is made against said Kunst, administrator, and against other defendants, on account of several distinct matters and causes, in many of which, as appears by the bill, the said administrator is not interested; (7) that there is a misjoinder of parties, and the bill is multifarious and without equity; and (8) that the real estate of said Louisa Ann Armstrong, deceased, is not brought into the suit along with the personalty.

The object of the suit, plainly apparent from the face of the bill, is to settle the conflict among many claimants to one and the same personal estate. It is not possible to determine all these conflicting claims in one, perhaps not in many ac-

tions at law. Equity has jurisdiction in order to avoid a multiplicity of suits, if for no other reason. *Rader* v. *Neal*, 13 W. Va. 373. It has jurisdiction also for the purpose of an accounting by the administrator of Adolphus Armstrong, deceased, and to compel a disbursement by him among the parties entitled to the personal estate. Jurisdiction in matters of accounting is one of the most comprehensive that equity has assumed. *Graff* v. *Castleman*, 5 Rand. 195; and *Tillar* v. *Cook*, 77 Va. 477.

The bill avers the administrator has refused to account for and pay over the estate in his hands to plaintiffs, or to any of them. Who has a right to compel him to do so, if not those who are entitled to the distribution? Demurrants insist that Wm. B. Lynch, executor of Louisa Ann Armstrong, deceased, is the only one entitled to the assets belonging to her estate and, therefore, the only one having a right to compel such accounting. The averments of the bill sufficiently answer this contention. It avers the pendency of a suit in a court of Monroe county, Ohio, brought to contest the will of Louisa Ann Armstrong, and a compromise agreement entered into by her executor, acting under authority conferred on him by the will, and by all other parties interested in her estate, either as legatees or as her distributees, except W. W. Shoch, trustee, and Mary Abigail Shoch Batten and the heirs of Elias Fisher, deceased, by which her estate was administered and distributed, without regard to the outcome of that suit. This averment shows such interest in plaintiffs as entitles them to maintain this suit.

The plan of distribution provided by the will was thereby changed and the executor relieved from further responsibility of administering the estate according to the terms of the will. The distribution according to that agreement is binding on all the devisees and distributees, except said Shoch, trustee, and Mrs. Batten and the heirs of Elias Fisher, deceased, whose interests are protected by the agreement, and distributes the estate and divests the said executor of title. It was stated by counsel for the administrator of Adolphus Armstrong, deceased, in oral argument that the only interest said administrator had in the suit, was to safeguard the estate of Adol-

phus Armstrong and see that it was properly administered and he was relieved from further liability on account of his office.   A sufficient answer to the objection, that the realty was not brought in, is that the administrator has nothing to do with the real estate of Adolphus Armstrong, deceased. But, as the heirs of a decedent are also his distributees, the court, in a suit to compel an accounting and distribution, where there are conflicting claimants of the fund, has the power to determine who are the heirs. *Russell* v. *Madden,* 95 Ill. 485; and *Alexander* v. *Leakin et al,* (Md.), 19 Atl. 532.   In the latter case plaintiffs, who were non-residents, claimed as next of kin, against the administrator and others, the personalty of the estate in the hands of the administrator for distribution.   They had actual notice of the appointment of a day for distribution under direction and control of the orphans' court, as provided in Sec. 143, Art. 93, Code of Maryland, and declined to submit to its jurisdiction, and brought a suit in equity to have their claims and the claims of all others adjudicated and settled in a court of chancery. The court held: "That equity will entertain the bill, and not remit the parties to the *ex parte* and inconclusive proceedings of the orphans' court."   The same rule must be applied here.

The will, a copy of which is exhibited with the bill, expressly empowers Wm. B. Lynch, the executor, "to bring or compromise any suits with reference to the settlement of this estate in any court or courts in the land as he may deem proper."   This is his authority for entering into the compromise agreement.   If the Ohio court should hold the will not to be the will of Louisa Ann Armstrong, Wm. B. Lynch was without authority to dispose of the estate by the agreement.   Nevertheless, the agreement having been entered into by her heirs and distributees it is binding on them and disposes of her estate in any event.

Plaintiffs have a common interest in the subject matter of the suit and are, therefore, properly joined; and, according to the averments of the bill, defendants are likewise interested in the same question and, therefore, they are properly brought into the suit.   The conflicting claims of right to the

estate of Louisa Ann Armstrong, deceased, between plaintiffs and the defendants is one of the principal questions presented by the bill. "Persons are not improper defendants who are so connected with the case made as to be directly interested in obtaining or resisting the specific relief asked in the bill or given in the decree." *Zell Guano Co.* v. *Heatherly*, 38 W. Va. 410. *Jones' Exor.* v. *Clark et als.*, 25 Grat. 642; and *Almond* v. *Wilson*, 75 Va. 613. The case last cited was a suit in equity by the creditor to subject the estate of his debtor to the lien of a judgment. The bill alleged that the estate had been fraudulently conveyed to various persons, all of whom were made defendants, but did not charge any combination or confederacy among the alienees. The court held: "The bill is not multifarious. Although a plaintiff cannot demand several matters of different natures against several defendants, a demurrer will not lie, even though the defendants be unconnected with each other, where there is one common interest centering in the point in issue in the cause."

From Story's Equity Pleading, Sec. 76c, we quote the following: "The truth is, that the general rule in relation to parties, does not seem to be founded on any positive and uniform principle; and therefore it does not admit of being expounded by the application of any universal theorem, as a test. It is a rule founded partly in artificial reasoning, partly in considerations of convenience, partly in the solicitude of courts of equity to suppress multifarious litigation, and partly in the dictate of natural justice, that the rights of persons ought not to be affected in any suit, without giving them an opportunity to defend them. Whether, therefore, the common formulary be adopted, that all persons materially interested in the object of the suit, ought to be made parties, we express but a general truth in the application of the doctrine, which is useful and valuable, indeed, as a practical guide, but is still open to exceptions, and qualifications, and limitations, the nature and extent and application of which are not, and cannot, independently of judicial decision, be always clearly defined."

To the same effect is 1 Hogg's Eq. Proc., Sec. 136, wherein

the author says: ''A bill will not usually be regarded as multifarious where the matters joined in the bill, though distinct, are not absolutely independent of each other, and it will be more convenient to dispose of them in one suit. A bill against several defendants who have a common interest centering in one point will not be held multifarious.''

The bill in the present case alleges some of the defendants claim an interest in the estate of Louisa Ann Armstrong, deceased, by virtue of contracts made with her in her lifetime, or with persons claiming to act for her under power of attorney, and others of them claim by inheritance. These conflicting interests can properly be determined and adjudicated in this suit.

The bill avers that the administrator of Adolphus Armstrong, deceased, declines and refuses to account to, and pay over to plaintiffs or to any of them the funds in his hands. It was, therefore, needless to tender a refunding bond, as provided by Sec. 29, Ch. 87, Code. The court must first determine who are the proper distributees, before the administrator can know of whom he should demand such a bond, even if he has a right to demand it at all in a case like this, where all the parties are before the court. That section, as well as section 31 of the same chapter, are specially applicable in case of *ex parte* settlements in the county court. It is not alleged there are any creditors of Adolphus Armstrong's estate. The bill alleges that the legatees and distributees of Louisa Ann Armstrong, who are the plaintiffs, are entitled to all the assets in the hands of the administrator of Adolphus Armstrong, deceased, and in determining the conflicting claims thereto, in this suit, the chancellor has the right and power to protect the administrator by his orders and decrees in the cause, and in that event a refunding bond would not be necessary.

The foregoing observations lead to an affirmance of the decree overruling the demurrers.

*Decree overruling demurrers affirmed.*