# CHARLESTON.

WILLIAM B. LYNCH, *Executor et al. v.* DOLLY C. ARMSTRONG *et al.*

(C. C. 358)

Submitted September 8, 1925. Decided September 15, 1925.

EQUITY—*Petition by Defendant, Seeking Relief Against Plaintiffs and Other Defendants on Ground of Matters Not Pleaded in Original Bill or Any Cross-Bill or Answer, Not Maintainable.*

A petition filed in a cause by a defendant thereto seeking relief against plaintiffs and the other defendants on grounds and matters not pleaded in the original bill or any cross bill or answer filed therein, and which fails to make the original parties to the cause to be affected thereby, parties thereto, and on which process has not been issued and served upon them, is not maintainable, and a demurrer thereto interposed by one of the parties to the cause should be sustained.

Case Certified from Circuit Court, Harrison County.

Suit by William B. Lynch, executor of Adolphus Armstrong, deceased, and others, against Dolly C. Armstrong and others. After overruling demurrer of plaintiff, George Woofter, to petition of defendants, W. W. Shoch and another,

to compel William B. Lynch, executor, to sell certain lands and distribute proceeds thereof, the court certified its rulings.

*Ruling reversed.*

*F. E. Parrack* and *Harvey W. Harmer,* for plaintiffs.

*Hogg & Hogg,* for defendants.

MILLER, JUDGE:

This cause has been twice before us and disposed of on appeal, as reported in 81 W. Va. 134, and 90 W. Va. 98. The case as now presented involves the sufficiency of a petition, on the demurrer of George Woofter, one of the plaintiffs in the original bill, of W. W. Shoch and Mary Abigal Shoch Batten, two of the defendants to the original bill of complaint, whose rights in the estate were finally adjudicated here on the last appeal to which reference has been made, filed in the cause on September 3, 1924.

The object of the petition is to compel the said Wm. B. Lynch, Executor, to sell the lands described in the petition and alleged to be those belonging to the late Adolphus Armstrong in his life time, and the same which descended to his sister, Louisa Ann Armstrong, and were disposed of by her last will and testament, and which the petition alleges, by the residuary and other clauses thereof the said executor was required to sell and convert into money, and distribute the proceeds thereof among the several persons decreed to be entitled thereto.

The circuit court overruled the demurrer of Woofter and certified to us the correctness of its rulings thereon. There were about one hundred plaintiffs and about an equal number of defendants, including petitioners, to the original bill. The object of that bill, according to its prayer, was to ascertain and have adjudicated the amount of personal property belonging to the estate of the said Adolphus Armstrong, deceased, at the time of his death, the extent and value thereof, that came into possession of his administrator, G. H. A. Kunst, defendant thereto, and the amount to be distributed among the parties lawfully entitled thereto; to have determined who are the heirs at law of Adolphus Armstrong, deceased, and to have adjudicated, settled and determined

the various conflicting claims made to the personal estate of said decedent, which went into the hands of his said administrator, and to the personal estate of said Louisa Ann Armstrong, deceased, and thereby to preclude persons with unfounded claims to said estates from further asserting the same; and there was a prayer for general relief.

The propositions of law relied on by demurrant and certified for our decision are:

First, that the purpose of said petition is beyond the scope and purview of the original bill of complaint, and that the relief prayed for without an original bill or cross-bill answer, with proper parties and proper allegations, would be beyond the jurisdiction of the court upon the original bill.

Second, that the provisions of the will of the said Louisa Ann Armstrong did not by the seventh and ninth clauses thereof, or by implication from any of its provisions, convert said real estate into personal estate, so as to give the executor power or authority to dispose of the same as such and bring the subject thereof within the purview and scope of the original bill, and authorize the executor Lynch to sell and convert the same into personal estate, or the court to grant the prayer of the said petitioners.

Third, that even if the said will did constitute a conversion of the real estate of which the testatrix died seized into personalty, the several contracts between the parties to the said suit, carried into decrees, worked a reconversion thereof into real estate; and moreover, with respect to that portion of the real estate sold and conveyed by Eugene Somerville and J. Frank Wilson, attorneys in fact for said testatrix in her lifetime, and reconveyed by their grantees by sundry deeds made pursuant to contract and pursuant to the decree of October 17, 1919, to said Wm. B. Lynch, as executor and as trustee for the parties to whom the estate of said Louisa Ann Armstrong had theretofore been adjudged to belong, the powers of said executor did not extend thereto by the terms of the will or otherwise, and which part of the real estate the court could not require the executor to sell and distribute the proceeds thereof among the said petitioners and the other claimants thereof.

We think these propositions are fairly comprehensive of all those adduced by counsel in their oral arguments and printed briefs.

The allegations of the petition, without referring to the specific clauses of the will relied on, are that by the will of the said Louisa Ann Armstrong she appointed said Lynch executor thereof and empowered him to sell the real estate and personal property devised and to reduce the same to money for the distribution thereof to the numerous legatees, not as real estate, but as money, as is shown by the record of the cause, and as will fully appear therefrom.

The executor Lynch is not shown to have made any appearance to the petition in the court below, but he has appeared here by counsel and filed a brief in support of the ruling of the circuit court overruling the demurrer of Woofter, and relies on the same propositions cited and relied on by counsel for petitioners.

The two clauses of the will relied on by petitioners are the seventh and ninth, as follows:

Item 7. "The residue of my estate after the same has been reduced to money, I give and bequeath to my next of kin, living in the State of West Virginia, to share and share alike, the names and number of my said relations being unknown to me at this time, and to their heirs.

Item 9. "I do hereby nominate and appoint William B. Lynch of Woodsfield, O., executor of this my last will and testament, hereby authorizing and empowering him to compromise, adjust and discharge in such manner as he may deem proper the debts and claims due me, empowering him to sell all the real estate, personal property and coal rights and make deeds of conveyance for the same as the law directs, also the right to bring or compromise any suits with reference to the settlement of this estate in any court or courts in the land as he may deem proper."

The first question is, do these provisions of the will, construed with reference to the provisions of the whole instrument, work a complete conversion of the real estate, so as to bring it and a sale thereof and distribution of the proceeds as such within the scope of the original bill, and warrant the relief sought by petitioners without further pleading and

proof in the cause?   The second question presented is, con-
ceding the correctness of the first proposition, do the several
contracts of settlement between the parties, ratified and con-
firmed by the court, enlarging some and diminishing the in-
terests devised or agreed to, work a conversion of the per-
sonal estate into realty and take away or circumscribe the
powers of sale of the executor in respect thereto?   And the
third question presented is, have the powers of sale contained
in the will with respect to the land devised thereby, or the
nature of the estate in those lands, been extended to the lands
conveyed to the executor by the vendees of Somerville and
Wilson, so as to empower or require a sale thereof by the
executor, or give jurisdiction to the court on petitioners'
petition to compel the executor to make sale thereof in the
cause?

As a preliminary proposition it seems to be well established
by the authorities cited by counsel for demurrant, that if
there is enough in the pleadings in a cause, and proof thereon,
to entitle a party plaintiff or defendant to the relief sought
by him without the presence of any new parties or the pre-
sentation of any new matter, he may of right invoke the
action of the court by motion or petition filed in the cause,
and to which all the necessary parties have been impleaded
in respect thereto, and that no other or additional pleadings
are necessary.   The rule requiring new pleadings or a new
suit or some cross pleadings, invoked by counsel for demur-
rant, is applicable, according to the authorities cited, only
when new parties or some new questions or new subject mat-
ter not previously presented is sought to be brought into the
cause. 16 Enc. Pl. & Pr. 502-514, 520; Fletcher on Eq. Pl. &
Pr. secs. 423-428; 1 Hogg's Eq. Pro., (Carlin's Edition), Tit.
Petitions, secs. 244-271; *Sayre* v. *Elyton*, 73 Ala. 85; *State
Bank* v. *First Nat. Bank of Plainfield*, 34 N. J. Eq. 450. The
record shows that the purposes of the original bill had been
carried into effect by decrees settling the conflicting claims
of the parties to the personal estate in the hands of Kunst,
administrator of the personal estate of Adolphus Armstrong,
and a distribution thereof to those entitled thereto. · But the
questions now raised by the demurrers to petitioners' petition,
namely the question whether the provisions of the will of

the testator or of the several contracts between the parties operated as a conversion of the real estate into personalty, or a reconversion thereof into realty, and whether the will empowered or required the executor to make sale of the realty; whether the several contracts between the parties changed or limited in any way the nature of the estates of the several devisees in the real estate, or the powers of the executor respecting the same, or the powers of the executor provided in the will, and whether the lands covered by the deeds from the grantees of Somerville and Wilson to Lynch, trustee, etc., are subject to sale by the executor under the provisions of the will, were not covered by the original bill nor by any other pleadings in the cause. They are not covered by the answer filed to the original bill by said petitioners, nor by the answer of any other party to the cause.

It seems to us that these are real questions calling for additional pleadings, and on which the parties in interest have the right to be heard, and that the jurisdiction of the court thereon cannot be called into exercise upon mere motion or petition without pleadings and process thereon against the parties in interest. We quote the text of 16 Enc. Pl. & Pr., p. 502, on this subject: ''When petitions are used in a pending suit they should not present new claims and raise new issues not involved in the original suit, nor should they be used in reference to matters which it has passed beyond the power of the court to determine, and the merits of the original controversy cannot be decided on such an application.'' And it is settled by our own decisions that a defect in the bill in a cause cannot be covered by a petition filed therein by a third person, nor by an answer seeking relief against a co-defendant, but only by a cross answer or bill on new process. *Fowler* v. *Lewis,* 36 W. Va. 112; *Goff* v. *Price,* 42 W. Va. 384; and *Morgan* v. *Morgan,* 42 W. Va. 542, 550.

In view of the status of the petition and petitioners, we refrain from expressing any opinion on the questions of merit presented. In the absence of proper pleadings and the necessary parties upon process served, it is the duty of the court *sua sponte* to reverse the decree below and to require the proper parties to be brought in on proper pleadings. *Beck-*

*with* v. *Laing,* 66 W. Va. 246; *Talbott* v. *Curtis,* 65 W. Va. 132.

The ruling of the circuit court overruling the demurrer of Woofter is therefore reversed, the demurrer sustained, and the cause certified to the court below.

*Ruling reversed.*