## CHARLESTON.

J. E. STEVENSON et al. v. WILCOX MACHINE COMPANY et al.

(No. 5846)

Submitted January 18, 1927.    Decided February 1, 1927.

APPEARANCES—PROCESS—*On Permitting Stranger to File Petition Setting up New Matter Challenging Jurisdiction, Process Should Issue to Any Party in Interest, Unless Waived; on Intervention by State Agent to Collect Taxes in Suit to Dissolve Corporation, Appearance for Receiver Did Not Render Issuance of Process to Plaintiffs Unnecessary (Code, c. 32, § 135, chapter 53, §§ 7, 57).*

When a stranger to a cause is permitted by the court to file a petition setting up new matter which challenges the jurisdiction of the court, process should issue thereon to any party in interest, unless waived by appearance or otherwise. Pt. 11, Syl. *Fowler* v. *Lewis Admr.*, 36 W. Va. 112.

(Appearances, 4 C. J. § 11 [Anno]; Pleading, 31 Cyc. p. 521.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

LIVELY and WOODS, JUDGES, absent.

Appeal from Circuit Court, Ohio County.

Suit by J. E. Stevenson and others, stockholders, to dissolve the Wilcox Machine Company. From a decree granting the prayer of Wm. T. Lively, state agent, to collect delinquent taxes for possession of the property and assets of the corporation, plaintiffs appeal.

*Reversed and remanded.*

*McCamic & Clarke,* for appellants.

*J. M. Ritz* and *Geo. A. Blackford,* and *R. A. Blessing,* Assistant Attorney General, for Lively.

HATCHER, PRESIDENT:

In May of 1924, J. E. Stevenson *et al.* instituted a suit in the circuit court of Ohio county, against Wilcox Machine Company *et al.* The plaintiffs alleged, among other things, that they owned more than one-fifth of the outstanding stock

of the Company; that they had the right to proceed under Secs. 7 and 57, Ch. 53, Code, to have the corporation dissolved; and prayed that a Receiver be appointed to take possession of the assets of the Company, and that the court distribute its assets and wind up its affairs.

J. T. McCamic was appointed Receiver, and qualified as such on July 11, 1924. He immediately took charge of the affairs of the Company.

On April 20, 1925, Wm. T. Lively wrote a letter to the Wilcox Machine Company, informing it that he had been designated agent of the State of West Virginia, pursuant to Sec. 135, Ch. 32, Code, to collect all delinquent license taxes due from corporations; that the Company was delinquent in the sum of $200.00 for the license year ending June 30, 1923; that suit had been instituted against it in the circuit court of Kanawha county; and that an opportunity was thereby given it to pay the taxes and avoid further proceedings. On April 22, 1925, Receiver McCamic wrote Lively that his attention had just been called to the delinquency referred to in the letter of April 20, and requested time to investigate. Lively replied on April 24, extending a few days' time for investigation. On April 28, Lively mailed McCamic a statement from the Auditor, showing $747.00 due from the Company because of delinquencies in 1922, 1923 and 1924. On April 30, McCamic wrote Lively that he would investigate the charges in the Auditor's account, and would try to secure an order of payment at the current term of court. On June 11, 1925, McCamic wrote Lively that he was having the books of the Company examined.

No further correspondence was had. On Sept. 9, 1925, McCamic filed a petition asking for instructions as to Lively's demands. On Sept. 19, 1925, Lively filed a petition in the Ohio county suit, setting forth that at February Rules, 1923, the State of West Virginia had instituted a suit in the circuit court of Kanawha county against the Wilcox Machine Company and a number of other corporations, for the purpose of collecting delinquent taxes, forfeiting the charters of the corporations, and having a Special Receiver appointed for

such corporations to convert their assets and wind up their affairs; that on the 14th of Sept. 1925, the Kanawha court had entered a decree forfeiting and annulling the charter, etc., of the Wilcox Machine Company, and appointing the petitioner Special Receiver; and praying that Receiver McCamic be directed to turn over to the petitioner all the property and assets of the Company. Exhibits were filed supporting the petition, including a certified copy of the decree of the circuit court of Kanawha county, entered Sept. 14, 1925.

McCamic filed an amended petition in the Ohio county suit on Sept. 26, 1925, setting up his correspondence with Lively; stating that after considerable delay he had satisfied himself that the Wilcox Company did owe the State of West Virginia $747.00 as of April 28, 1925, and that there was then in his hands as Receiver $9,482.77; denying the right of Lively to take possession of the affairs of the Company; and praying for permission to pay the delinquent taxes, etc.

On April 12, 1926, the circuit court of Ohio county entered an order, directing McCamic to deliver to Lively all the property and assets of the Wilcox Company, (less a fee already allowed McCamic), and dismissing the Ohio county suit.

Counsel for Lively raise the point that the decree of the circuit court of Ohio county entered April 12, 1926, recites that the cause came on to be heard upon the bill of plaintiffs and the answer of Victor Durand, Jr., as well as upon the petitions of Lively and McCamic; that the answer denied the material allegations of the bill; that no proof was taken in support of the bill; and that the dismissal of the cause was therefore proper. Despite the broad recital, the decree plainly shows that the ruling of the court was based solely on the fact that the suit in the circuit court of Kanawha county had been instituted before the one in the circuit court of Ohio county. While stating that the court was "advised of its judgment upon the said demurrer and answer of Victor Durand, Jr.," the decree does not pronounce that judgment. All that Lively asked in his petition was that McCamic be directed to turn over to him the property and assets

of the Wilcox Company. Lively did not request and he is not interested in a dismissal of the Ohio county suit. We therefore consider that the point is not well taken.

Lively did not make the plaintiffs in the Ohio county suit parties to his petition. No process to answer the petition seems to have been issued, and the record does not disclose any waiver of process thereon by plaintiffs. It is true that the decree of April 12, 1926, states that the cause was heard on "the arguments of counsel, upon the matters arising in the said pleadings and papers, all of which were made and had at a former term of this court, and then submitted to the court for consideration." On Oct. 12, 1925, an order was entered, reciting the filing of Durand's answer by his counsel, and Lively's petition by his counsel, and that a motion had been made on behalf of Lively to direct McCamic to turn over all the property of the Wilcox Company to him. It further recited that the plaintiffs replied generally to the answer of Durand, and that "the matters arising on the petitions of the said J. T. McCamic and Wm. T. Lively being argued by counsel, are now by the court continued for decision." It is therefore clear that the decree of April 12, 1926, had reference only to the arguments of counsel, referred to in the order of Oct. 12, 1925. The counsel referred to in that order are: counsel for McCamic, counsel for Durand, and counsel for Lively. McCamic and Clarke, counsel for McCamic, Receiver, are also counsel for plaintiffs; but the order of Oct. 12 recites their appearance specifically as counsel for McCamic as Receiver. The Receiver was "the arm of the court". He represented the court, not the plaintiffs. An appearance for the Receiver to Lively's petition was therefore not an appearance for the plaintiffs. "All petitions, except those which are of course, require service on all parties interested." *Fowler* v. *Lewis Admr.*, 36 W. Va. 112 (137); *Freeman* v. *Egnor*, 72 W. Va. 830. It was therefore reversible error for the circuit court of Ohio county to grant the prayer of Lively's petition under such circumstances.

The judgment of the lower court is therefore reversed and the cause remanded.

*Reversed and remanded.*