# CHARLESTON.

### FREEMAN *v.* EGNOR *et al.*

Submitted February 27, 1912.   Decided October 14, 1913.

1. TENANCY IN COMMON—*Oil and Gas Lease—Validity.*

   An oil and gas lease executed by one or more of several cotenants, while not binding on the others, is valid between the parties thereto and binding on the interest of the lessor, even while the premises remain undivided.   (p. 834).

2. EQUITY—*Pleading—Relief Among Co-defendants.*

   The general rule of chancery practice is that an answer to a bill can only pray for dismissal of the bill, and not for affirmative relief on new matter presented by it, that being a

proper subject for a cross bill; but, under our practice, there are certain exceptions to this, outside of answers under §35, Ch. 125, Code, and in such cases no special reply to such ordinary answer is necessary, and its matter is not taken for true under general replication. In such cases, relief may be given to the defendant on such ordinary answer against the plaintiff, but not against a co-defendant. To affect him, resort must be had to a cross bill, or an answer, under §35, Ch. 125, in lieu of a cross bill. (p. 832).

3. Same—*Adding New Parties.*

A petition filed by a stranger to a cause, asking relief against a defendant therein on new matter contained in such petition, must be filed by leave of court, and must make such defendant a party to it, by proper allegation and process, unless waived by appearance or otherwise. (p. 832).

4. Same—*Adding New Parties—Amendment to Bill.*

Where a person files his petition asking to be admitted as a party defendant in a pending suit in equity, in which no allegation is made naming or referring to him in any way, and no relief is prayed against him, and he is admitted as a party defendant, he does not in fact become a party to the cause, until he has been made a party by some allegation in the bill as amended. (p. 834).

Appeal from Circuit Court, Logan County.

Action by Charles H. Freeman against Martin Egnor and others. From a decree for plaintiff, defendant South Penn Oil Company appeals.

*Reversed and Remanded.*

*A. B. Fleming, Payne & Payne, Charles Powell* and *Kemble White,* for appellant.

*George M. McDermit,* and *F. C. Leftwich,* for appellee.

Lynch Judge:

The plaintiff sued for partition of lands, claiming fee simple interests therein. He and the defendant South Penn Oil Company, also hold oil and gas leases on undivided interests of some of the numerous defendants, who derive title through John W. Egnor, their ancestor. The bill, though averring the existence of the leases, does not assail any of them or assert their invalidity in any respect. But defendants Morris and Adkins by

answers, and S. J. Hyman and F. L. Doolittle by petitions, do assail the leases and seek their cancellation as inoperative and void, because on undivided interests in the lands sought to be partitioned.

By their petitions, Hyman and Doolittle asked to be admitted as parties defendant to the bill, not having theretofore been parties thereto. By the order filing the petitions, the court nominally admitted them as defendants; but they did not become parties by any amendment of the bill. Nor did the bill, or any other pleading except their petitions, name either of them as parties, or by averments show any interest whatever claimed by them in the lands. Nor did the Morris and Adkins answers or the Hyman and Doolittle petitions pretend to name any person against whom they claimed relief, or pray for process, or that the answers and petitions be remanded to rules for proceedings thereat; nor were they so remanded; nor did any person appear thereto for any purpose, except the plaintiff, who objected only to the filing of the petitions.

Nevertheless, the court entered an order cancelling all the leases, without further pleading, assigning as the reason for its action the fact, not appearing otherwise than by the leases, that the leases were on undivided interests in the lands, and its conclusion that they were inoperative and therefore void. From this decree, final in all respects, because thereby the court ascertained and fixed the rights and interests of the parties in the lands, the South Penn Oil Company obtained this appeal.

Numerous errors are assigned by appellant, some of which we do not discuss, because, as we remand the case for other reasons, these will necessarily be corrected.

Were the pleadings such as to warrant cancellation of the leases? It will be readily conceded that, before a court can by its order or decree strike down property rights, it must first have jurisdiction, by proper process and pleadings, of the persons whose interests are affected. Did it in this instance have such jurisdiction? Of course, the appellant was named as defendant to the bill, to which it filed an answer, setting up and relying on the leases held by it. But, as stated, the bill, in effect, admitted the integrity of all the leases. At least, it challenged none of

them for invalidity. in any respect. It was to the bill, and to it only, that appellant was required, by the court's process, to appear and answer. Upon appearing thereto, and ascertaining that by no averments was its right questioned or prejudiced, it might properly have permitted a decree *pro confesso* against it, with the confident assurance that its rights could in nowise injuriously be affected thereby. It could with safety content itself with this course, with the further reasonable confidence that, if any one or more of the defendants should by answer or otherwise challenge the validity of its leases, the court, before granting relief by cancellation, would at least require notice thereof for appearance and answer. Besides, the plaintiff did not, nor does he now, by any pleading, claim any interest adverse to appellant's interests, or set up any interest now claimed by Morris and Adkins adverse to appellant's, and did not in any manner amend his bill by averments necessary to make Hyman and Doolittle parties thereto. These four defendants therefore, by their answers and petitions alone, for the first time in this suit, set up such adverse claims.

But, in order to grant one defendant relief against a co-defendant, it is not enough that the latter is named as defendant to the bill, unless the bill and the answer seeking relief, considered together, sufficiently raise the issues between such defendants. *Goff* v. *Price,* 42 W. Va. 384; *Dudley* v. *Buckley,* 68 W. Va. 630. See also *Hansford* v. *Coal Co.,* 22 W. Va. 70; and *Peters* v. *Case,* 62 W. Va. 33. The first two cases hold that where the bill and answer do not raise such issue between co-defendants relief can not properly be granted one defendant on an adverse claim against a co-defendant, except upon an answer plainly stating the grounds therefor, naming such defendant as a party to it, and praying process against him. The Dudley-Buckley case says: "Notwithstanding the rights of a co-defendant are clearly established by the proof taken on the pleadings between plaintiff and defendant, still no relief can be granted such co-defendant unless relief for him is included in the prayer of plaintiff's bill, or unless he has himself answered and prayed for relief." Here, there was no such charge, prayer, or process.

The petitions are also ineffectual for any purpose, for another reason. The plaintiff's bill makes no allegation naming or referring to Hyman or Doolittle, or showing in what respect either of them has any interest in the lands; and the bill contains no prayer for any relief against either of them. Such right or interest, if any, appears only from their petitions. They could not become parties, therefore, except by amendment of the bill. *Shinn* v. *Board of Education,* 39 W. Va. 498; *Shaffer* v. *Felty,* 30 W. Va. 249. See also *Fowler* v. *Lewis,* 36 W. Va. 114; *Morgan* v. *Morgan,* 42 W. Va. 542.

Under the rulings of this court in *Foully* v. *Poar,* 35 W. Va. 70 and *Miller* v. *Mitchell,* 58 W. Va. 431, the circuit court should have refused leave to file the second Adkins answer if objected to, or on motion should have stricken it from the file. But no such objection or motion appears in the record. However, as the answer was defective for reasons heretofore discussed, its presence now is not important. The court should, when the case is remanded, as it must be, grant leave to amend the said answers and petitions, upon request, to conform to the views herein expressed.

The leases should not have been cancelled upon the state of the pleadings. But are they void or voidable, solely because executed by some co-tenants on their undivided interests in lands held in common with others not joining therein? We do not think they are. Of course, to be effectual in the sense that the lessee may enter on and operate the premises for the production of oil and gas, all the co-tenants must join. A lease by one only does not warrant such entry and production. Those not joining may restrain the lessee from entering for the purpose of operating thereunder without their consent. Numerous cases so hold. One co-tenant can not authorize another to do what he himself can not do; but he may authorize him to do, under any lease or other contract, what he may legally do in his own behalf. *Trees* v. *Eclipse Oil Co.,* 47 W. Va. 107. Notwithstanding the co-tenancy, each tenant has the same interest and property rights in common as his associates have, and may therefore lawfully grant, lease and otherwise encumber his individual interests. "An oil and gas lease executed by one or more joint ten-

ants or tenants in common, while not binding on other joint tenants or tenants in common, is good between the parties, and is binding on their interests." This terse statement comprehends the law on this subject, and is approved and sustained, directly or indirectly, by the following cases: *Trees* v. *Eclipse Oil Co., supra; Headley* v. *Hoopengarner,* 60· W. Va. 626; *Pyle* v. *Henderson,* 65 W. Va. 39; *McNeely* v. *South Penn Oil Co.,* 58 W. Va. 438; *Stewart* v. *Tennant,* 52 W. Va. 559; *Sommers* v. *Bennett,* 68 W. Va. 157; *Garrett* v. *South Penn Oil Co.* 66 W. Va. 587; *Ziegler* v. *Brenneman,* 237 Ill. 15; *Compton* v. *Peoples Gas Co.,* 75 Kan. 572, 10 L. R. A. N. S. 787. The circuit court therefore erred in cancelling the leases, for the reasons assigned by it, even had such action been warranted by proper pleading and competent proof. Hence, the decree complained of will be reversed, and the cause remanded for further proceedings in accordance with the principles herein announced.

*Reversed and Remanded.*