# CHARLESTON.

### M. H. ROLLYSON *v.* H. M. BOURN *et als.*

Submitted October 14, 1919.   Decided October 21, 1919.

1.  SPECIFIC PERFORMANCE—*Complete and Perfect Contract of Sale of Realty Enforced.*

    Specific performance of a complete and perfect contract of sale of real estate will be decreed as a matter of right and of course, upon a proper application thereof, in the absence of conduct or circumstances rendering specific performance inequitable or unjust.   (p. 20).

2.  SAME—*Discretion of Trial Court in Refusing Performance Not Arbitrary.*

    The discretion of a trial court to refuse specific performance of a contract for the sale of real estate, on account of defects or circumstances relied upon by way of defense, is a sound and reviewable discretion, not an arbitrary one.   (p. 20).

3.  SAME—*Liens and Incumbrances Known to Vendee at Time of Contract no Defense.*

    In the case of a contract in which time of performance is not made an essential element and in which there is no stipulation against the existence of encumbrances upon the land, the existence of vendors and trust deed liens not exceeding the amount of the unpaid purchase money and known to the vendee at the date of the excution of the contract, and reasonable delay in removal thereof by the vendor, acquiesced in by the vendee, do not release the latter from the contract, nor constitute tenable ground of defense to procedure for specific performance.   (p. 19).

4.  MORTGAGES—*Vendor and Purchaser—Lien of Trust Deed Payable Under Unpaid Price no Defense to Specific Performance.*

    The title of a trustee in a deed of trust securing payment of a debt is legal but defeasible by payment of the debt by the owner of the equity of redemption or release of the lien by the holder thereof; wherefore the existence of a deed of trust on land sold, securing a debt that can be satisfied out of unpaid purchase money in the hands of the vendee, under a contract not making time of performance essential nor stipulating against encumbrances, does not excuse the vendee from performance of the contract.   (p. 20).

5.   VENDOR AND PURCHASER—*Insignificant Deficiencies in Quantity of Land no Bar to Specific Performance.*

An insignificant deficiency in the quantity of land sold by such a contract, due to an adverse holding of a part thereof, compensable by an abatement of the purchase money, the part so held having no peculiar value, does not release the vendee from the obligation of the contract.   (p. 20).

6.   SPECIFIC PERFORMANCE—*Vendor and Purchaser—Reasonable Delay in Removal of Liens no Bar to Specific Performance.*

Reasonable delay on the part of a vendor, in the removal of liens on land sold by executory contract in which time of performance was not made essential, the existence of the liens being known to the vendee at the date of the contract and he having taken possession of the land pending removal thereof by the vendor and consummation of the contract, does not release the vendee from the obligation of the contract, nor preclude specific performance thereof at the instance of the vendor.   (p. 19).

7.   VENDOR AND PURSHASER—*Contract for Exchange of One Tract and Sale of Another An Entire Contract.*

A contract for the conveyance of two pieces of property lying in the same community, literally purporting an exchange of one piece for property and sale of the other piece for money, is an entire contract and the vendee cannot effect a partial rescission thereof, in the absence of a provision in the contract authorizing it.   On the theory of rescission, he cannot retain one of the pieces and obtain absolution from his contract as to the other.(p. 18).

8.   SPECIFIC PERFORMANCE—*Contract for Sale of Property Enforceable Against Vendee.*

Although a contract by a husband and wife for the sale of land owned by both, not sealed nor acknowledged, is unenforcible by the vendee as to the wife, she and her husband may have specific performance thereof against him, on their tender of a deed properly executed by them.   And their willingness at all times to perform the contract precludes his discharge from the obligation thereof on the ground of such defect.   (p. 19).

Appeal from Circuit Court, Braxton County.

Suit by M. H. Rollyson against H. M. Bourn and others, with cross-bill by defendants for specific performance of a contract of sale.   Decree for plaintiff, denying the prayer of the cross-bill, and defendants appeal.

*Reversed.   Decree for defendants.   Remanded.*

*Hines & Kelly,* for appellants.
*Haymond & Fox,* for appellee.

POFFENBARGER, JUDGE:

The decree complained of enforces the lien of a deed of trust on two certain tracts of land, securing the payment of a note for $2,200.00, less payments thereon amounting to $1,100.00, and denies the prayer of a cross-bill answer filed by the defendants and seeking specific performance of a contract of sale of other land and prevention of enforcement of the trust deed lien, on the theory of an agreement on the part of the holder of that lien, to apply the lien debt on purchase money due from him to the defendants under the alleged contract of sale.

Whether the bill stated a good cause of action seems to be doubted by counsel for both plaintiff and defendants, but they insist that the situation disclosed by the pleadings read as a whole make out a cause of equitable cognizance. They treat the defect in the bill as having been cured or supplied by matter disclosed by the answer. In as much as the question is one of procedure, not jurisdiction, and the parties desire a decree determining their rights, there is no occasion for an inquiry as to the technical correctness of the procedure or the sufficiency of the pleadings in point of form. The bill ought to have set up the agreement relied upon in the answer and the controversy growing out of it, as constituting an impediment to a sale by the trustee, but this is admitted by the answer.

The deed of trust was executed by H. M. Bourn and R. H. Bourn, husband and wife, Dec. 12, 1914, to secure payment of their $2,200.00 note executed in favor of C. R. Bourn and dated, May 4, 1914. Rollyson, while indebted to H. M. Bourn and R. H. Bourn for purchase money of land, bought the C. H. Bourn note subject to credits amounting to $1,100.00, with the understanding that H. M. Bourn & R. H. Bourn would allow him to off-set it against his indebtedness to them in the sum of $2,100.00. Having attempted to rescind his purchase and claiming he had done so, or was excused from performance of the contract, he brought this suit to enforce the lien of the deed of trust.

The debt due from him to the Bourns was part of the purchase money of a 40 acre tract of land, they agreed to convey to him, along with a residence lot in Frametown, containing four or five acres. The contract bears date, March 23, 1915, and literally purports an exchange of the residence lot for a tract of land at Tague, W. Va., then owned by Rollyson, and a sale to Rollyson, of a 40 acre tract at Frametown, for $2,500.00, of which $400.00 was paid and the balance to be paid in four equal installments of $525.00, payable with interest in six, twelve, eighteen and twenty-four months. Deeds were immediately executed conveying the residence lot to Rollyson and the Rollyson tract of land at Tague to the Bourns, but conveyance of the 40 acre tract and execution of the purchase money notes were deferred on account of a vendors lien and a trust deed lien on it, the former of which was uncertain as to the amount thereof. The Bourns were to ascertain the amount of it and were to remove the encumbrances, in the settlement with Rollyson or otherwise. They were not mentioned in the contract, nor was there any agreement as to covenants other than covenants of warranty. Rollyson, however, took possession of the tract of land, held it for some time and then abandoned it, under the impression that the existence of the liens, delay in removing them, failure to tender a proper deed, a defect in the agreement and the alleged existence of an adverse possession of about one-half of an acre of the land by one Mollohan, legally justified rescission of the contract, or his release from the obligation thereof.

His retention of the residence lot constitutes an insuperable obstacle to rescission, if the contract was entire and inseparable, for, in the absence of an agreement otherwise providing, rescission must be total. *Hutton* v. *Dewing,* 42 W. Va. 691; *Castle* v. *Gibson,* 77 W. Va. 116. Realizing this, he claims the two deals were separate and distinct, although entered into at the same time and evidenced by the same paper. This position is untenable. It cannot be assumed that the Bourns would have sold or traded only one of the two pieces of property. As both were combined in a single contract, it must be assumed that both pieces constituted the subject matter of their side of the contract, notwithstanding the fixing of separate prices or recitals of separate considerations. *Hermann* v. *Goddard,* 82 W. Va. 520.

R. H. Bourn, the wife of H. M. Bourn, owned an undivided interest in the 40 acre tract of land. She joined her husband in the contract, but it was not under seal nor acknowledged, wherefore it could not have been enforced against her. *Simpson* v. *Belcher*, 72 W. Va. 340. But, if the deed tendered by her and her husband is such as the contract contemplates, that defect in the contract will not alone defeat specific performance. There was a binding contract with the husband, as to the entire tract of land, upon which he could have been held by the vendee and made liable. Hence, there was mutuality of contract, whether there was mutuality of remedy or not. In as much as the wife comes and tenders performance, no remedy against her is necessary. Her tender of performance cures the defect in the contract. *Boyd* v. *Brown*, 47 W. Va. 238; *Central Land Co.* v. *Johnson*, 28 S. E. 175; *Walker* v. *Owen*, 79 Mo. 563; *University* v. *Polk County*, 87 Ia. 36. If the husband, having agreed to sell all the land, has procured a properly executed deed conveying it and made a tender thereof, specific performance will be decreed, even though he did not have the title at the date of the contract, in the absence of any other valid ground of defense. *Armstrong* v. *Maryland Coal Co.*, 67 W. Va. 589, 611; *Bruce* v. *Tilson*, 25 N. Y. 198; *Oakey* v. *Cook*, 41 N. J. Eq. 364; *Watts* v. *Waddle*, 6 Pet. (U. S.) 389.

Within a year from the date of the contract, the Bourns tendered their deed. At that time they had paid the vendors lien debt on the land, which amounted to only $67.00, and obtained a release, but had not paid the Philip S. Perkins debt amounting to $850.00 and secured on the land by a deed of trust. It seems not to be disputed that the amount due the Bourns from Rollyson was sufficient to discharge the C. R. Bourn note and the Perkins debt, at the date of the tender of the deed. Under these circumstances, the existence of the liens did not justify repudiation of the contract. *Armstrong* v. *Maryland Coal Co.*, 67 W. Va. 589, 611; *Hudson* v. *Max Meadows & Co.*, 97 Va. 343; *Garnett* v. *Macon*, 6 Call. 308, 369. Though the contract does not mention the liens on the property, it is evident that the purchaser was aware of them, for consummation of the deal was delayed on account thereof, and, in the meantime, he took possession of the land. Nor is it shown that any change had oc-

curred in the situation of the parties or the value of the property, that can work any material prejudice to the purchaser, in the enforcement of his contract. He claims to have lost an opportunity to sell some timber from the land, by reason of failure of the vendors to clear the title and make him a deed, he being unwilling to sell the timber without perfect and unincumbered title in himself; but the timber remains on the land and the loss of an opportunity to make an advantageous sale of it can not be regarded as depreciation in the value of the land. Being fully protected by the purchase money in his hands, having allowed time for removal of the liens and having suffered no material prejudice by the delay, he could not justly or equitably repudiate the contract, on account of the existence of the liens. Nor do they now constitute any obstacle to specific performance. One of them was discharged before the answer was filed and only six days after the suit was brought and the other more than two years before the decree was entered.

Although at the dates of the contract and the filing of the answer praying cross-relief, the legal title was outstanding in a trustee, the trust deed lien was only an encumbrance susceptible of removal by payment by either vendor or vendee. No reconveyance by the trustee was necessary. The title was held only as security for the debt, and payment and a release terminated or defeated it. The trustee's title was legal, but defeasible by payment of the debt secured by the deed of trust. *Taylor* v. *King,* 6 Munf. 358; *Harris* v. *Harris,* 6 Munf. 367; *Angel* v. *Marshall,* 55 W. Va. 679.

The alleged defect in the title did not justify repudiation of the contract. If there is any at all, it is insignificant. According to the vendee's own testimony, the adverse holding by Mollohan, if any, does not amount to more than one-half of an acre, and that is not shown to have any peculiar value. He can obtain substantially all he contracted for, with an abatement of purchase money for the deficiency, if there is any, and that suffices. *Creigh* v. *Boggs,* 19 W. Va. 240; *McKeen* v. *Bailey,* 11 Gratt. 340; *Jackson* v. *Ligon,* 3 Leigh 161; *Evans* v. *Kingsberry,* 2 Rand. 131.

Taken and considered together and regarded as a whole, the matters of defense specifically set up do not constitute ground

for refusal of specific performance in the exercise of judicial discretion.  The vendee insists upon retention of a valuable and substantial part of the contract, the conveyance of the residence lot.  The vendors stand ready and able to give him practically and substantially all he contracted for.  He knew the occasion of the delay, when he made the contract and acquiesced in it for a considerable period of time.  Moreover, the delay has wrought no substantial prejudice or detriment to him.  Time of performance was not made an essential element of the contract, nor was there any stipulation against the existence of encumbrances.  When a contract is free from objection, a court of equity, upon a proper application, will decree specific performance thereof as a matter of course.  *Campbell* v. *Fetterman,* 20 W. Va. 398; *Ballard* v. *Ballard,* 25 W. Va. 470; *Conway* v. *Sweeney,* 24 W. Va. 643; *W. Va. Oil etc. Co.* v. *Vinal,* 14 W. Va. 637.  When there are defects or circumstances relied upon by way of defense, it devolves upon the court to say whether or not they are of such substantial character as would render specific performance unjust or inequitable, and, if they are deemed to be so, it has discretionary power to refuse specific performance.  But it cannot refuse such relief arbitrarily nor upon clearly unsubstantial grounds.  The discretion to be exercised by the trial court in such cases is a sound and reviewable discretion; and, in the appellate court, the element of soundness is not less essential.  *Ballard* v. *Ballard,* 25 W. Va. 470; *West Va. Oil etc. Co.* v. *Vinal,* cited; *Lowry* v. *Buffington,* 6 W. Va. 249.

The deed tendered by the vendors contains a provision not warranted by anything in the contract, namely, one requiring the vendee to pay the taxes on the oil and gas in the land, one-half of which was reserved.

Our conclusion is to reverse the decree complained of and enter a decree here, requiring specific performance of the contract set up in the cross-bill answer, subject to an abatement of purchase money on account of deficiency in the land, if any; application of the C. R. Bourn debt and its interest to partial payment of the purchase money and interest thereon from the date of the contract; and release of the deed of trust securing payment

of said C. R. Bourn debt; remanding the cause for execution of the decree; and awarding costs in this court to the appellants.

*Reversed, decree for defendants, remanded.*