**TOWNSEND v. MILLIKEN. (No. 7028.)**

Court of Civil Appeals of Texas. Austin. April 13, 1927.

Rehearing Denied May 11, 1927.

**1. Specific performance ⚖️32(2)—Tender of homestead deed from husband and wife established mutuality, authorizing specific enforcement of contract.**

Tender of deed, signed and acknowledged by husband and wife, and offer otherwise to fully perform contract to convey homestead in exchange for other property *held* to supply element of mutuality of remedy, authorizing decree of specific performance against other party to contract, which was not void or voidable ab initio though lacking in mutuality, but would sustain action in damages for breach.

**2. Specific performance ⚖️32(1) — Generally, contract must be "mutual" to be specifically enforced.**

Generally, to be specifically enforced, contract must be "mutual"; that is, such that it might have been enforced by either party against other at time it was entered into.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mutual.]

**3. Specific performance ⚖️32((1)—Mutuality, when suit is filed or decree rendered, authorizes specific performance.**

To specifically enforce contract, mutuality need not exist at time it was entered into, but it is sufficient if such mutuality is available when suit is filed, or even at time of decree.

**4. Specific performance ⚖️32(2)—Tender of deed signed by wife rendered mutual husband's contract, not signed by wife, to convey homestead.**

Husband's contract, not signed by wife, to convey homestead in exchange for other property *held* not void or voidable ab initio for want of mutuality, so as to prevent decree of specific performance against other party on tender of deed signed and acknowledged by wife, but a valid obligation which would sustain action in damages for its breach in any event.

**5. Specific performance ⚖️96 — Tender of homestead deed from husband and wife held to authorize specific enforcement of exchange contract, though deed provided for payment of taxes by grantee and contract for prorating them.**

Tender of deed, signed and acknowledged by husband and wife, and approved by grantee's attorney as in compliance with contract for exchange of properties, before grantee's repudia-

tion thereof, *held* sufficient to authorize decree of specific performance against grantee, though deed provided that grantee should pay taxes on property for 1924, whereas contract provided that they should be prorated to date of closing deal; this being immaterial variance, against which court could easily have protected grantee in decree.

**6. Specific performance ⚖️29(2) — Exchange contract describing properties, by lot and block number and as owner's home, and as 35 and 45 feet, respectively, of certain lots, held sufficient, in view of other provisions; "assumption."**

Contract to exchange property, designated by lot and block number in certain addition in named county and referred to as owner's home, for property described as 35 feet of lot 6 and 45 feet of lot 7, in block 65 of named addition in such county, *held* to describe properties with sufficient accuracy to warrant decree of specific performance against owner of latter property, in view of provisions calling for all improvements thereon, "assumption" of first lien note, and furnishing of abstracts of title, etc.; "assumption" implying that note and lien were against such property (citing Words and Phrases, "Assumption").

**7. Specific performance ⚖️106(1)—Wife tendering into court homestead deed held not necessary party to husband's suit for specific performance of exchange contract.**

Wife executing, acknowledging, and tendering into court deed of her homestead *held* not a necessary party to husband's suit for specific performance of contract to exchange other property therefor, court having full power to decree delivery of deed to defendant, whereupon it would have become as binding on wife as if she were party.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by M. W. Townsend against Mrs. Sallie G. Milliken. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Phillips, Townsend & Phillips and Tom Scurry, all of Dallas, for appellant.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

BAUGH, J. On May 20, 1924, appellant and appellee entered into a contract in writing, the material portions of which were as follows: Mrs. Milliken, a feme sole, agreed to sell to Townsend her home in Dallas, including certain rugs, draperies, etc., for $30,500, to be paid by Townsend as follows: $9,000 cash, the assumption by Townsend of $8,500 indebtedness against the Milliken place, and the conveyance to Mrs. Milliken by Townsend of his homestead in Dallas at an agreed valuation of $13,000. Each was to furnish the other an abstract of title and to allow 10 days in which to have same examined.

On June 5, 1924, Mrs. Milliken informed Townsend that she would not carry out the

contract, because of objections of her daughter who lived with her and who had just returned home. By deed dated June 6 and acknowledged June 9, 1924, Townsend and wife tendered conveyance of their homestead and performance of the contract. This being refused, Townsend brought this suit for specific performance, tendering the deed and the remaining purchase money into court. After hearing the evidence the trial court instructed a verdict in favor of Mrs. Milliken; hence this appeal.

The property to be conveyed by Townsend was at all times occupied by him and his family as their homestead. Mrs. Townsend was not a party to the contract nor a party to the suit for specific performance.

[1] The issue which we consider determinative of this appeal is, Did the tender of a deed signed and acknowledged by Mrs. Townsend and her husband, and the offer otherwise to fully perform the contract, supply the element of mutuality of remedy which would authorize the court to decree a specific performance of the contract against Mrs. Milliken? We have concluded that it did.

[2] Much has been written by the courts and the text-writers on mutuality in contracts necessary to entitle them to specific performance. The general rule as laid down in numerous authorities is that a contract, to be specifically enforced by the court, must be mutual; that is, such that it might, at the time it was entered into, have been enforced by either of the parties against the other. See Fry on Spec. Performance (6th Ed.) § 460; Elliot on Contracts, vol. 3, § 2282; Williston on Contracts, vol. 3, § 1433; 25 R. C. L. 232–234; 36 Cyc. 621. Considerable confusion seems to have resulted, however, from a loose use by the courts of the term "mutuality" and in the application of that term to the varied facts of numerous cases. It is impossible to harmonize the authorities on this subject.

[3] However, numerous exceptions to the general rule as above announced have become recognized, and the courts of last resort in some of the states have expressly held that it is not necessary that mutuality of remedy exist at the time the contract is entered into, but that it is sufficient if such mutuality of remedy is available at the time suit is filed or even at the time of the decree. Rollyson v. Bourn, 85 W. Va. 15, 100 S. E. 683; Refining Co. v. Coal Co., 92 W. Va. 479, 115 S. E. 434; Lennartz v. Montgomery, 138 Minn. 170, 164 N. W. 900; Laurens v. Gas Co. (C. C. A.) 282 F. 432; 36 Cyc. 622. This, in effect, was what was held in Goff v. Jones, 70 Tex. 576, 8 S. W. 525, 8 Am. St. Rep. 619.

In the case last cited Jones had contracted to convey to Goff his homestead. The case was twice before the Supreme Court. On the first appeal (Jones v. Goff, 63 Tex. 248), that court held that such a contract could not be specifically enforced because the only method by which the wife, as long as the property remained homestead, could alienate it was by deed duly signed, acknowledged, and delivered. On the second appeal, however, it was shown that the property had, since the former trial, been abandoned by Jones and wife as a homestead, and the Supreme Court held that the contract was a valid obligation from its inception and, though not capable of specific performance so long as it remained a homestead of Jones and wife, as soon as such legal obstacle was removed the contract could be specifically enforced. In discussing the question, the court used the following language:

"Undoubtedly a bond to compel the wife to convey at a future time would be void, because it would be undertaking to do an unlawful thing. But a bond to make title at some future day to a certain tract of land, the same being the homestead of the obligor and his wife and children, would not be an unlawful undertaking. Such a contract might be entered into in the confident expectation that the wife would freely make the necessary conveyance; or it might be entered into with the intention to acquire another homestead before the time elapsed for the performance of the bond. It is true that, while the premises which the party might so undertake by his bond to convey remain the homestead of the obligor and his wife, the courts would not decree a specific performance of the bond. But if the wife should die before the time expired for the performance of the bond; or if, before the expiration of that time, the obligor in the bond and his wife should acquire another homestead, then the courts might decree specific performance, because every legal obstacle to a specific performance would be removed."

See, also, Fonda v. Colquitt (Tex. Civ. App.) 165 S. W. 1195, and authorities there cited; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586; Bell v. Crabb (Tex. Com. App.) 244 S. W. 371.

[4] It is clear, then, that the contract in question was a valid obligation and would sustain an action in damages for its breach in any event and not void or voidable ab initio, as is often the case where specific performance has been denied. In the case of Wood v. Lett, 195 Ala. 601, 71 So. 177, specially relied upon by appellee, the contract was made by the wife, but not properly joined by her husband, to convey her homestead, and the court held that such a contract was never a legally binding obligation. That contract was void from its inception.

We see no good purpose to be accomplished by a discussion of the numerous conflicting cases from other states. In the instant case, the contract was valid and binding. If by abandoning the homestead the legal obstacle to specific performance could be removed, we see no good reason why a voluntary removal of the same legal obstacle could not be as effectively made by a full and com-

plete tender of performance including the execution by the wife of a deed to her homestead and a continued tender of same up to and including the trial. Appellee entered into a valid contract with appellant, knowing at the time that she could not enforce specific performance thereof against Mrs. Townsend, but Mrs. Townsend has never refused to fulfill her husband's contract, and a specific performance of the contract does no more than compel appellee to do what she legally bound herself to do.

In Lennartz v. Montgomery, supra, in discussing the statute of Minnesota prohibiting the alienation of the homestead by the husband unless joined by the wife, the Supreme Court of that state said:

"It [the statute] was not intended for the protection of the purchaser, or to enable him to repudiate a contract which he had fairly entered into, so long as the owners of the homestead are ready and willing to carry out the same on their part."

And in passing upon a question similar to the one presented here, where specific performance of a contract to sell the homestead was sought, the Supreme Court of Appeals of West Virginia, in Rollyson v. Bourn, supra, had the following to say:

"There was a binding contract with the husband as to the entire tract of land, upon which he could have been held by the vendee and made liable. Hence there was mutuality of contract, whether there was mutuality of remedy or not. Inasmuch as the wife comes and tenders performance, no remedy against her is necessary. Her tender of performance cures the defect in the contract."

[5] Nor can the trial court's judgment be sustained on the ground that appellant's tender did not comply with all the terms of the contract. The tender was clearly an effort in good faith to comply with the terms of the contract and was, in our opinion, a substantial compliance therewith. No objection was made by appellee to the form, terms, or sufficiency of the appellant's deed to the homestead. On the contrary, appellee's attorney had, prior to her repudiation of her contract, already approved said deed as being in compliance with the contract. The objection here raised is that said deed provided that appellee should pay the taxes on the Townsend property for the year 1924; whereas, the contract provided that taxes, rents, insurance, etc., be prorated to date of closing the deal. This was an immaterial variance and one in which the trial court could easily have protected appellee in its decree, even if she had not already waived it. As to the other provisions of the contract, the tender by appellant was in full and complete compliance with same.

[6] The descriptions of the respective properties were not as full and accurate as they should have been, but we think that such descriptions were sufficient to identify the properties, when the contract is considered in its entirety. The property of appellant was, in addition to being designated by lot and block number in a designated addition in Dallas county, referred to as his home. That of appellee was described as "35 feet of lot 6 and 45 feet of lot 7 in block 65 of the fourth installment of Highland Park," in Dallas county, Tex. Appellee insists that from this it cannot be determined what 35 feet of lot 6 nor what 45 feet of lot 7 was included. If no other reference occurred in the contract, this contention might be sound. But, in addition, the contract calls for all improvements thereon and included certain rugs, draperies, shades, etc., and that appellant was to assume a "first lien note in the principal sum of $8,500 due and payable October 1, 1928," etc. This note and lien were not expressly described as being against appellee's property, it is true, but we think the word "assumption" clearly if not necessarily implies that. See 1 Words and Phrases, page 589. It also provided that each was to furnish the other an abstract to the respective properties, showing good title, etc., and each did furnish such abstract, clearly identifying the properties involved. These provisions in the contract furnished, in the language of the Court in Miller v. Hodges (Tex. Com. App.) 260 S. W. 168, "sufficient particulars to afford or point out the means whereby identification may be completed by parol." See, also, 18 C. J. 277.

[7] Nor was it necessary for Mrs. Townsend to be a party to this suit. She executed, acknowledged, and tendered into court a deed to her homestead. The trial court had full power to decree delivery thereof to appellee, whereupon it would have become as effective and as binding upon her as if she had been a party to the suit.

The judgment of the trial court is reversed and the cause remanded for another trial.