# CHARLESTON.

## F. A. BOWDEN v. T. K. LAING et al.

### (No. 5803)

Submitted May 10, 1927.     Decided May 24, 1927.

1.  SPECIFIC PERFORMANCE—*Generally Specific Performance Will Not be Decreed in Favor of Seller's Agent; if Seller's Agent Has Irrevocable Contract of Agency, and Makes Sale on Terms and Within Time Limited, His Right to Part of Proceeds Entitles Him to Sue Purchaser for Specific Performance.*

    While the general rule is that specific performance of the sale and purchase of land will not be decreed in favor of an agent of the seller, an exception thereto is that if the agent has an irrevocable contract of agency and a specified time within which to make sale, and has made sale upon the terms and within the time limited, his commission or a part of the proceeds of the sale provided for in the contract constitutes such right or interest as will entitle him to bring suit in his own name against the purchaser for specific execution of the contract. The agency is then coupled with an interest entitling him to sue in his own name.

    (Specific Performance, 36 Cyc. p. 770.)

2.  SAME—*Married Woman, Filing in Escrow Good and Sufficient deed at Suit or Before Decree, is Entitled to Specific Performance.*

    While the contract between a married woman and another for the sale of her land may be lacking in mutuality, excusing specific performance by the buyer, nevertheless, if at the time of suit or before decree she has tendered and filed in escrow a good and sufficient deed in performance on her part, there is mutuality of remedy entitling her to specific performance of the contract on his part.

    (Specific Performance, 36 Cyc. p. 629.)

3.  SAME—*Unless Time is of Essence, Slight Delay, Not Fault of Complainant, Will Not Defeat Specific Performance; Plaintiff's Failure to Tender Performance Within Thirty Days for Execution and Passing of Papers Held Not to Preclude Specific Performance of Contract of Purchase.*

    If time is not of the essence of the contract of sale and purchase of land, a reasonable time only is called for within which to tender performance, and slight delay, due to no fault of the complaining party will not defeat specific performance.

    (Vendor and Purchaser, 39 Cyc. pp. 1456, 1460.)
    103 W. Va.

4.  VENDOR AND PURCHASER—*Ancient Break in Record Title, Cured by Lapse of Time and Adverse Possession, Held Not to Preclude Specific Performance of Contract for Sale With Deed of General Warranty; Title Established by Lapse of Time and Adverse Possession Covering Ancient Break in Title Constitutes Good "Marketable Title" Sufficient in suit for Specific Performance (Code, c. 104, §§ 3, 4; Const. art. 13, § 3).*

An ancient break in the record title to land cured by lapse of time and adverse possession, and whereby the title is rendered valid and unimpeachable, will not defeat specific performance of a contract for sale and purchase of land with deed of general warranty, the title thus established constituting a good marketable title, there being no contract for covenants against such immaterial defects or incumbrances.

(Vendor and Purchaser, 39 Cyc. pp. 1456, 1460.)

5.  EQUITY—*In Agent's Suit for Specific Performance, Where Owner Affirmed Contract and Joined in Prayer of Bill, Decree for Purchase Money in Favor of Owner Was Not Error (Code, c. 125, § 35).*

When pending such a suit by an agent for specific performance against a purchaser of land, the owner, being brought in by amended bill, answers affirming the contract of sale and joining in the prayer of the bill, and the money pending suit all becoming due, the court may without error give a decree therefor in favor of the owner against the purchaser, no other pleading or cross pleading being called for to justify such decree.

(Equity, 21 C. J. § 859 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

HATCHER, PRESIDENT, dissenting.

Appeal from Circuit Court, Cabell County.

Suit by F. A. Bowden against T. K. Laing for specific performance, in which Lena Burgess and H. G. Burgess were brought in as parties on amended and supplemental bills. From a decree for plaintiff, defendant T. K. Laing appeals.

*Affirmed.*

*Scott, Graham & Wiswell,* for appellant.

*Fitzpatrick, Brown & Davis* and *T. W. Peyton,* for appellee.

MILLER, JUDGE:

Plaintiff, a general real estate agent, sued the defendant Laing for specific execution of a contract of sale and pur-

chase of two certain lots of ground, parts of lots Nos. 19 and 20 in the village of Barboursville, Cabell county, then belonging to Mrs. Lena Burgess, to whom on April 3, 1924, she had given the sole right for thirty (30) days to advertise and sell said property, at the price of seven thousand dollars ($7,000.00) net to her, in the terms stipulated, and bound herself thereby to deliver to plaintiff or to whomsoever he might designate a proper deed of conveyance.

On the same day, April 3, 1924, plaintiff entered into a contract with defendant, which (omitting the description of the lot) is as follows:

"Barboursville, W. Va., April 3, 1924.

"F. A. Bowden, Agent,
Barboursville, W. Va.

"I agree to purchase the following described property for which you are agent as described below.

Beginning at * * * being the westerly 22 feet of lot nineteen and the easterly 26 feet of lot twenty of said Village of Barboursville.

For which I agree to pay eight thousand dollars ($8,000.00) on the following terms and conditions.

Twenty-five hundred ($2500.00) cash and two interest bearing promissory, negotiable notes of twenty-seven hundred and fifty dollars ($2750.00) each due and payable on one and two years from date, with the privilege of paying off one or both notes at any time, said notes to be secured by vendor's lien upon the above described property.

I agree to pay taxes assessed against said property for the year 1924 twenty-five dollars cash herewith paid to apply on cash payment.

It is understood and agreed that papers and considerations are to be executed and passed within thirty days from this date.

Signed, T. K. Laing
Accepted, F. A. Bowden."

By the amended and supplemental bills, to which the owner of said lot, Lena Burgess, and H. G. Burgess, her husband, were made defendants, the facts respecting the making of said contract between plaintiff and the defendant Lena Bur-

gess and H. G. Burgess, and between plaintiff and the defendant T. K. Laing, were fully set forth and pleaded.

And it was also further alleged that plaintiff, at the time of entering into the contract with defendant Laing, and at the time of the institution of this suit, and at the present time, had and has an interest in said contract or agreement, and in the property therein and herein described, in this: That the owners of said property at the time aforesaid, for a valuable consideration, by an apt and proper contract under seal, granted to him the sole right to advertise and sell said premises at the price of seven thousand dollars ($7,000.00), and agreed to deliver to him, or to whomsoever he might direct, a proper deed of conveyance containing covenants of general warranty; that under and by virtue of the terms of said agreement of April 3, 1924, the defendant Laing agreed to purchase from complainant said lots for the sum of $8,-000.00, as set forth in said agreement, whereby plaintiff is entitled to a profit of one thousand dollars ($1,000.00), and therefore has a valid and pecuniary interest in said contract of sale and in the enforcement thereof.

It is further alleged that on or about the first day of May, 1924, and within thirty days of the date of said contract, complainant notified defendant Laing in person that he was ready and willing to convey or have conveyed by the proper parties to him the said property, but that defendant requested an extension of a few days in which to think over and investigate the matter, and that a few days thereafter complainant again notified defendant Laing that he was ready and willing to comply with said agreement of April 3, 1924, and then tendered to him a good, apt and proper deed from the parties owning the fee simple title to said property, conveying the same with covenants of general warranty, free and clear of all encumbrances, to the defendant, nevertheless defendant failed and refused to accept the same, and to make the cash payment and execute the notes, as provided in said contract of April 3, 1924.

Wherefore, plaintiff sues and tenders to defendant the deed so executed, and prays that he be compelled to execute the contract in accordance with the terms thereof.

Defendant Laing in his answer undertakes in a general way to put in issue, not the fact of the contract as alleged in the bill, but the fact of compliance therewith by plaintiff as to making or causing to be made and tendered to him a good and sufficient deed as required, and within the time prescribed by the contract, in support of which denial respondent alleges that a few days before the expiration of said thirty days defendant, responding to the call of plaintiff, did meet him in the office of his attorney, when and where he was notified by the latter that they had had the title abstracted and that there was a break in the chain of title, wherefore respondent determined that Mrs. Burgess, who claimed said property, did not in fact have good and sufficient title thereto, and that the same was charged on the land books to persons other than said claimant, wherefore respondent notified plaintiff and his counsel that he did not want the property and would not accept it, the title not being marketable, and he would not be able on that account to obtain a loan thereon for the purpose of improving the same, as intended when proposing to purchase it; and that neither the said plaintiff nor the said Burgess, the owner thereof, made any attempt to correct the defect in said title, and that if compelled to accept said property with such defect, he would sustain great financial loss and damage. He further answered that plaintiff had failed and refused to provide a complete abstract of title as agreed, and that for this breach of his contract he was not entitled to specific execution.

The defendants Lena Burgess and H. G. Burgess, not made parties to the original bill, but on demurrer thereto were brought in on the amended and supplemental bills; the demurrers for other grounds were properly overruled to the amended and supplemental bills. The principal ground of demurrer was that plaintiff, being agent for the Burgesses, was without right to maintain suit for specific execution in his own name; that such suit, if maintainable, could be prose-

cuted only in the name of the principals, and not in the name of the agent, though the principals were not named in the contract and were not disclosed at the time of entering into the contract. This is the first point of error relied on for reversal of the decree. While the general rule no doubt is, as contended for by the defendant, that the principal only may maintain suit for specific performance, affirmed in principle in *Jones* v. *Hart's Ex'rs,* 1 Hen. & M. 470-471; *Tavenner* v. *Barrett,* 21 W. Va. 656, 673; *Johnson* v. *Welch,* 42 W. Va. 18; 2 C. J. 895, §594, the authorities cited and relied on by appellant's counsel, the rule is well settled, as one of the exceptions to the general rule, that where the agent has an interest to subserve or protect, he may in his own name, or conjunctively with his principal, maintain such suit. 2 C. J. 895, §594, 899, §600. And the agent's commission or interest in the subject matter of the contract, such as a profit in the sale or share in the purchase money arising out of a special contract with the owner, constitutes such an interest. *Cardozo* v. *Middle Atlantic Immigration Co.,* 116 Va. 342. The contract between plaintiff and Mrs. Burgess establishes this right to sue in this case upon either basis. 1 Carlin's Hogg's Eq. Proc. §79. It is quite well settled that when, as in this case, the contract of agency stipulates for a specific consideration or interest in the proceeds of the sale, and by the terms of the agency for a given time, and is irrevocable within that time, the agency is one coupled with an interest giving the agent the right to sue. *Rowan & Co.* v. *Hull,* 55 W. Va. 335; 2 Mechem on Agency, (2nd. ed.), sec. 2033 *et seq.*

As another ground of defense and relief against the decree of specific performance, it is urged that because of lack of mutuality in the contract plaintiff should have been denied specific performance. The contract sued on was made between Bowden, Agent, which was descriptive, *Hyman* v. *Swint,* 94 W. Va. 627, and Laing, not disclosing on its face the name of any principal. The fact that plaintiff may have been principal in the contract perhaps made it enforceable against him, if · not specifically, for damages. But the bill

and answer show the character of the agency and the interest of the principal in the contract, and that though the principal is a married woman, and the contract under the general rule not at the time specifically enforceable for that reason against her, nevertheless the exception to this rule, on which plaintiff relies, is that if at the time of filing the bill or at the time of the decree, plaintiff has performed the contract or is able and then tenders performance, there is no lack of mutuality barring specific enforcement. It is the mutuality of the remedy at the time of the filing of the bill, or of the decree, that is required, and not the mutuality of the terms of the contract. *Armstrong* v. *Maryland Coal Co. et al.,* 67 W. Va. 589; *Rollyson* v. *Bourn,* 85 W. Va. 15, 18; 5 Pomeroy Eq. Jur., (4th ed.), §2191. In this case Burgess and wife, made parties defendant, answered the bill, tendered a good deed, as called for by the contract, and as to which no objection was made as to form and substance; and having performed the contract, they are calling for specific performance. *Robb* v. *Crawford,* 16 Fed. Rep. (2nd), 340; *Ives* v. *Hazard,* 4 R. I. 14; *Boyd* v. *Brown,* 47 W. Va. 238; *Moore, etc.* v. *Ward,* 71 W. Va. 393. In *Armstrong* v. *Maryland Coal Company* the contract was not signed by the plaintiffs, the principals, but by three parties, not disclosing the principals, nor purporting to be executed as agents; but as in this case tendering a deed of the principals, and all the principals, including one a married woman. In that case, of course, the contract would have been enforceable by defendants against all the principals not under disability, and being so enforceable, there was no lack of mutuality as to them; and the contract having been executed by deed tendered at the time of the filing of the bill, and of the decree, was not wanting in mutuality. Likewise in *Rollyson* v. *Bourn,* the land being owned by Rollyson and wife, and the contract signed by both, and specifically enforceable against them at the time, and a deed tendered by both, at the time of the suit and decree, there was no want of mutuality denying the relief prayed for.

A further ground of error relied on is that the tender of performance by the plaintiff was not made within the thirty

days required by the contract pleaded. Time, by its terms, was not made of the essence of the contract. The only provision in the contract relied on is: "It is understood and agreed that the papers and considerations are to be executed and passed within thirty days from this date." It is conceded that before May 3rd following the date of the contract, Bowden notified Laing of his readiness and willingness to execute the contract, and requested Laing to meet him, which he did, at his lawyer's office, and where he tendered performance, if defendant was ready and willing to execute the contract on his part, and when defendant requested time, which was allowed him, for a few days for further consideration and investigation. And plaintiff shows that after waiting a few days, he made a new tender of performance and demand of execution on defendant; and thereafter the bill was filed, and with their answer the deed of Burgess and wife was tendered and filed in escrow. In such a case time is not regarded as of the essence of the contract, and such delay will not bar specific performance. *Rollyson* v. *Bourn, supra; Tavenner* v. *Barrett, supra;* 4 Pomeroy Eq. Jur. p. 3341, §1408.

Another ground assigned for reversal of the decree is that because of the alleged defect of title it was wrong and inequitable to decree specific performance. The contract does not call for anything beyond the implied covenants of general warranty and a marketable or legally good title. There is no express or implied contract for a title without break in chain back to the commonwealth, nor one without incumbrances, if only the incumbrances are dischargeable out of the purchase money. *Armstrong* v. *Maryland Coal Co., supra.* A marketable title is one that is free from reasonable objection to a purchaser. *Summers* v. *Hively,* 78 W. Va. 53. In that case it is said: "A vendor, suing to enforce specific performance by his vendee, must be able to convey a title to the land reasonably free from doubt or defects. But title acquired by adverse possession is sufficient. * * * Immaterial defects and technical objections will not suffice, where the purchaser substantially may acquire what he contracted for.

* * * After the expiration of the limitation period, a good and indefeasible title vests in the occupant under color upon compliance with the requisite character and conditions of possession.'' In *Sachs* v. *Owings;* 121 Va. 162, that court decided that: ''Where the vendor of real estate agrees to deliver to the purchaser a good and sufficient deed, with general warranty and covenants of title, the purchaser is not entitled to a record title, nor one shown to be good by an abstract of title, but only a marketable one.''

Some questions were made in brief of defendant's counsel, and in the record, with reference to a suit in Lewis county affecting the title to the westerly 22 feet of lot No. 19, but we understand from the stipulation of counsel on the record, that all questions about the sufficiency of title to that lot are withdrawn.

The break in the chain of title most relied on occurred between 1819 and 1889. One Harshbarger, an old resident of Cabell county, son of David Harshbarger, testified that his father purchased lot No. 20 from one John Hatfield in 1868, '69 or '70, by taking an assignment of a title bond from one Connor, the witness being then ten or twelve years old, and that his father was then in possession of said lot from that year until sold to one Bloom in 1888 or 1889; that his father was not able to get a deed from Connor because he was dead and his heirs were unknown; that upon another portion of the same lot the Methodist Episcopal Church, South, of Barboursville, had constructed a church costing $60,000.00 to $65,000.00. Besides, the evidence in this case shows that upon the particular lot in question here a hotel had been built and occupied for many years adversely by persons under whom the Burgesses derived their title, and taxes paid continuously without break at least as far as the year 1890, by E. W. Blume from 1890 to 1913, and by his successors, including Lena Burgess, to 1924. There can not be the slightest doubt about the title to said lots existing in Mrs. Burgess, notwithstanding the supposed break in the chain of title of prior years. The unbroken possession of Mrs. Burgess and her predecessors has cured any and all defects

in the title pointed out by counsel. Sections 3 and 4 of chapter 104 of the Code, and section 3 of article 13 of the Constitution, even as against infants, had wiped out all possible defects, or omissions urged as defects, in title justifying defendant's excuse for not executing his contract. We need not go into a dissertation on these statutory and constitutional propositions.

Lastly, it is complained that the decree was given in favor of Mrs. Lena Burgess, a co-defendant, without pleading or prayer for relief as between them, instead of in favor of the plaintiff according to approved practice and the provisions of section 35, chapter 125 of the Code, and as declared in *Goff* v. *Price,* 42 W. Va. 384; *Freeman* v. *Egnor,* 72 W. Va. 830; *Coal & Coke Co.* v. *Coal Co.,* 101 W. Va. 728; and *Lynch* v. *Armstrong,* 99 W. Va. 609. Mrs. Burgess was made a co-defendant, and was directly brought into the case in that way; but she alleged nothing against her co-defendant not already alleged in plaintiff's bill, which was in her interest as well as in his. She simply affirmed in her answer the matter of plaintiff's bill, and prayed for the same relief; so that none of the conditions calling for new allegations against or new process upon Laing were required and on which to found the decree in her favor against him. The plaintiff consented that the decree go directly in her favor instead of in his. Who can object? No one's rights can be injuriously affected thereby. The cases cited, particularly the case of *Freeman* v. *Egnor,* justify, if not approve, this practice.

This is a case, we think, which calls for specific performance within the principles laid down in *Conaway* v. *Sweeney,* 24 W. Va. 643, and *Ballard* v. *Ballard,* 25 W. Va. 470. In such cases a party is as much entitled to specific performance as to an action at law for the breach of the contract. The decree will therefore be affirmed.

<em>Affirmed.</em>