MABLE L. BUFTON *v.* EDWARD M. CRANE ET UX.

May Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed October 3, 1928.

*Melvin G. Morse* for the defendants.

*Sumner E. Darling, Jr.,* and *Searles, Graves & Waterman* for the plaintiff.

POWERS, J. ██ ██ This was originally an action at law, brought by the plaintiff on a certain promissory note which the defendants gave her toward the purchase price of a parcel of land in Florida. The suit was returnable to the Caledonia

county court, and on motion of the defendants it was amended into chancery and transferred to the docket of that court. After this transfer, the defendants did not file a formal complaint in equity with a prayer for specific performance as good practice would require, but they set up in their motion the facts relied upon to entitle them to that equitable relief. The plaintiff demurred to the motion on the ground that the contract relied upon by the defendants was available to them in defense to the action at law; that such contract lacked mutuality; and that the defendants were guilty of laches. This demurrer was included in an answer, and, being brought on for hearing, was sustained; the ''equitable bill'' was dismissed, and the case was ordered re-amended into an action at law. The defendants appealed. We treat the case as though the pleadings were in proper form, as did the court below. The plaintiff now says that the attempted appeal is fatally defective in that it only covers ''the decree in sustaining the demurrer,'' which is not a final decree. But we think the appeal, though inaccurate, is well enough. Chancery cases are not appealable piecemeal. This appeal is from the decree, which is an entirety, and brings up the whole case. See *Essex Storage Elec. Co., Inc.* v. *Victory Lumber Co.,* 93 Vt. 437, 444, 108 Atl. 426. The fact that the defendants specify the particular ground on which they seek a reversal does not render it ineffective.

Can the defendants avail themselves of the contract set forth as a defense in the action at law?

These facts amount to this: The defendants, on January 8, 1926, bought of the plaintiff a lot of land in Florida, paying therefore $5,000 in cash and giving two promissory notes for $5,000 each. The land was conveyed to the defendants, and they mortgaged it back to the plaintiff to secure the two notes. On December 4, 1926, which was before either note fell due, the defendant E. M. Crane, by and with the authority of defendant Alice B. Crane, his wife, made a written offer to the plaintiff to the effect that the defendants would convey the land back to her if she would surrender the notes and cancel the mortgage. On January 10, 1927, by her letter of that date, the plaintiff accepted this proposition. Thereupon a deed of the land was executed and tendered to the plaintiff, who refused to accept it or to carry out the aforesaid arrangement. It is quite apparent that the allegations show an unexecuted accord only. It

was not the new promise, but its performance, that was to satisfy the original contract and wipe out the rights of the plaintiff thereunder. Such an accord is not a defense to an action on the original contract, as is abundantly shown by our cases. *Manley* v. *Vt. Mutual Fire Ins. Co.*, 78 Vt. 331, 335, 62 Atl. 1020, 6 Ann. Cas. 562, and cases cited; *Noyes* v. *Pierce*, 97 Vt. 188, 194, 122 Atl. 896. Nor does the tender of performance by the defendants or their readiness to perform alter the situation. *Noyes* v. *Pierce, supra; Sargent* v. *Donahue,* 94 Vt. 271, 277, 110 Atl. 442. For the reason above given, there was no novation which would preclude a suit on the original cause of action. There is nothing to indicate that the new contract—as distinguished from its performance—was to be substituted for the old one. So the first ground of the demurrer fails. But the agreement shown by the allegations was complete. The offer was accepted according to its terms. And an accepted offer in such circumstances makes a contract. *Ellis' Admr.* v. *Durkee,* 79 Vt. 341, 345, 65 Atl. 94. This contract of accord is supported by a sufficient consideration, which is found in the mutual promises of the parties. *Missisquoi Bank* v. *Sabin,* 48 Vt. 239, 245; *Holden* v. *Gilfeather,* 78 Vt. 405, 409, 63 Atl. 144. It does not lack the element of mutuality required by the law. Mutuality is essential, to be sure, but mutuality originally lacking may afterwards be supplied; and it is enough if that mutuality exists at the time suit for specific performance is begun. The defendants here performed or tendered performance before suit. Any deficiency in the respect named was thus cured. *Turley* v. *Thomas,* 31 Nev. 181, 101 Pac. 568, 135 A. S. R. 667, 683, 685; *Le Noir* v. *McDaniel,* 80 Fla. 500, 86 So. 435, 437; *Yerkes* v. *Richards,* 153 Pa. 646, 26 Atl. 221, 34 A. S. R. 721, 723; *Townsend* v. *Milliken* (Tex. Civ. App.), 294 S. W. 938; *Levand* v. *No. Am. Realty Co.,* 82 Col. 121, 257 Pac. 355; *Robb* v. *Crawford* (D. C.), 16 Fed. (2d) 339; *Bowden* v. *Laing,* 103 W. Va. 733, 138 S. E. 449. The contract meets all requirements as to certainty and completeness. There is nothing shown to taint or impeach it; nothing to show that its enforcement would be unconscionable.

It is said that an application of this kind is addressed to the discretion of the court of chancery. And so it is. But this discretion is a judicial discretion, to be exercised in conformity with established principles and rules, and is therefore

subject to review. *Gove* v. *Gove's Admr.*, 88 Vt. 115, 118, 92 Atl. 10.

▮ So far as the claim of laches is concerned, we need only say that this defense cannot be raised by demurrer. *Collins* v. *Barre*, 91 Vt. 343, 349, 101 Atl. 43; *Page* v. *Cave*, 93 Vt. 190, 193, 106 Atl. 774; *Hall* v. *Windsor Sav. Bank*, 97 Vt. 125, 136, 121 Atl. 582, 124 Atl. 593. With us, at least, laches is an affirmative defense, and the burden of proof is on the party relying on it. *Comings* v. *Powell*, 97 Vt. 286, 293, 122 Atl. 591.

▮ The contract as pleaded is one that a court of equity can and should enforce by its decree. In equity, one who agrees to receive certain property in satisfaction of his debt will be held to the performance of his agreement. *Very* v. *Levy*, 13 How. 345, 14 L. ed. 173, 179. That was a case where a creditor agreed to take his pay in certain goods handled by the debtor. He afterwards attempted to foreclose a mortgage securing his debt. The court referred to the fact that at law a mere accord is no defense, but held that in equity the creditor would be held to his agreement. It was therein said that to bring a case within the principle governing such cases, three things are necessary: An agreement not inequitable in its terms; a valuable consideration for such agreement; readiness to perform and absence of laches on the part of the debtor. So far as necessary to be shown by the allegations, all these elements are here present. To the same effect is *Cook* v. *Richardson*, 178 Mass. 125, 59 N. E. 675, 676, which was a bill for specific performance of a contract whereby the defendant agreed to accept a certain sum in settlement of certain suits against an estate of which the plaintiff was administrator. It was held that the claim that the administrator had an adequate remedy at law was not well founded, and that he was entitled to the decree prayed for.

*Decree reversed, order vacated, and cause remanded.*