## BRIGGS v MATZ

Ohio Appeals, 7th Dist, Monroe Co

T. J. Kremer, Woodsfield, for plaintiff-appellee.

Matz & Matz, Woodsfield, E. L. Matz, Bellaire, and Robert Noll, Marietta, for defendant-appellant.

## OPINION

By CARTER, J.

The parties will be designated as they were in the Court of Common Pleas.

The action below was upon a promissory note executed and delivered by the defendant to the First National Bank of Woodsfield, Ohio, upon which note judgment was taken by confession on a warrant of attorney contained in the note.

A motion was made by the defendant moving the court to open up and vacate the judgment for the claimed reason that the defendant had a good and valid defense to the note. This motion was by the court sustained, the judgment vacated and the defendant was permitted to file an answer.

The cause came on for trial to the court and jury and at the conclusion of all the evidence the court directed a verdict in favor of the plaintiff for the full amount due on the note with interest thereon.

There is no question about the execution and delivery of the note by the defend-ant to the First National Bank. In the answer the defendant tendered two. defenses which he claims entitles him to a judgment in his favor.

.The first defense is a general denial, that is the defendant denies that there is any amount due on the note.

In the second defense defendant claims that on the 5th day of March, 1933, while the defendant was indebted to the plaintiff upon the note, the First National Bank of Woodsfield, Ohio, was closed by proclamation of the President of the United States and that a conservator was appointed to take charge and operate the bank, that on the 21st day of February, 1934, one Thomas Dornan was appointed receiver of the bank and immediately took charge thereof as such receiver and that on or about the 9th day of April, 1934, the comptroller of the currency of the United States declared it to be insolvent.

It is further claimed by the defendant that he is an attorney at law and a member of the firm of Matz & Matz, he being entitled to one-half the profits and emoluments of the firm and that when the bank closed there was due the firm upon an account for services performed to the bank the sum of $2110.85, and that he was entitled to one-half thereof and that he was entitled to have that amount set off as a credit against his note as of March 5, 1933. That there were two accounts in the bank in the name of defendant in the sum of $28.45 and of $95.70, which accounts were applied as an off-set on the note by the receiver, leaving a balance due thereon of $1116.75 as of March 5, 1933.

He further alleges that in June, 1934, a short time after the receiver took over the bank, the receiver approached him and his partner, Capel E. Matz, referred to the account the firm held against the bank as attorneys fees and stated that the bank's affairs were in very bad shape and that the receiver would require considerable time to set up new books and requested the firm not to present their claim for services for. allowance until he, the receiver, had time to set up a new set of books and not until defendant was notified by him to present the account, that defendant called attention of receiver that his note bore a high rate of interest and that he desired to have the account promptly arranged in order that he would be able to pay the note, that it was then agreed by and between the defendant and Dornan, the receiver, and Capel E. Matz, that presentation of said account would be withheld un-

til requested by the receiver and that when it was allowed, one-half interest would be credited on the note herein sued on as of the date of the closing of the bank, to-wit, March 5, 1933, and that thereafter upon being advised by the receiver that he was ready to consider the account, the same was promptly tendered to him, but that the receiver retained said account unto the 3rd day of July, 1936, when the same was allowed in the sum of $2110.85, but that in violation of this agreement to credit one-half of the account as a payment on defendant's note as of the date of the closing of the bank, wrongfully brought suit upon the note in question, that if the credit had been applied upon the note in accordance with agreement there would have been due and unpaid on the note the sum of $62.78, including interest to the 5th day of March, 1933, and that the defendant tendered to the clerk of courts the sum of $70.00 in payment of the balance and interest thereon.

The evidence further discloses that L. E. Matz & Capel E. Matz were indebted to the bank on joint notes in the sum of approximately $6500.00, secured to some extent by collateral security in the way of 100 shares of the common stock of General Motors Corporation.

The evidence also discloses and is not disputed that while as between the bank and the Matzs' the $6500.00 notes were joint notes, as between the Matz's defendant, L. E. Matz, was surety only on these joint notes, and that in violation of the agreement the receiver set-off the entire amount due the firm of Matz & Matz as a payment upon this joint note.

Appeal is prosecuted to this court on questions of law and the errors urged are:

First, that the court erred in overruling the motion made by the defendant for judgment upon the pleadings.

Second, that the court erred in sustaining the motion for a directed verdict in favor of the plaintiff.

Third, that the court erred in its failure to direct a verdict in favor of the defendant.

Fourth, that the court erred in overruling a motion for a new trial made by the defendant.

Fifth, other errors apparent upon the record.

There was no error in the court overruling the motions made by the defendant for judgment upon the pleadings or to direct a verdict in favor of the defendant or in overruling the motion for a new trial

made by the defendant for reasons hereinafter set forth.

Was the court in error on sustaining plaintiff's motion for a directed verdict? The court in directing a verdict for the plaintiff stated in passing on the motion, "This sort of thing is not a matter of settlement, that as a matter of law an agreement or arrangement could not be entered into in satisfaction of this note, that the defense of the defendant in this instance must fail." The agreement as claimed by defendant between himself and the receiver, Dornan, is denied by plaintiff, however, the evidence is conclusive that such an agreement as claimed by defendant was entered into. The bank in question was and is a national bank. It appears from the evidence that on the declaration of the President of the United States a bank holiday was declared and one Cronin was appointed conservator of the bank and later the bank was declared by the comptroller of the currency insolvent, thereupon a receiver was by the comptroller appointed to take charge of and to collect and make proper distribution of the assets thereof. Dornan was appointed such receiver and it is the claim of defendant that the agreement in question was made by and between the defendant, Capel E. Matz and the receiver, Dornan.

Some time subsequent Briggs, the present receiver and plaintiff herein, succeeded Dornan as receiver and by direction of the comptroller of the currency applied the obligation of the bank to Matz & Matz, amounting to $2110.85, on the note of L. E. & Capel E. Matz, who were partners in the law business, being father and son, applying no part thereof on the individual note of L. E. Matz.

As hereinbefore indicated and according to the evidence the joint note is really the obligation of the son, Capel E. Matz. However, the note itself bears no such designation.

There is nothing in the record to indicate that Dornan, the receiver, was instructed or authorized to make such an agreement as claimed, neither is there any evidence in the record of ratification by the comptroller of such an agreement. However, the record does disclose that the comptroller repudiated this arrangement by instructing Briggs, receiver, to apply same on the joint notes.

Now under the evidence in this case does the defendant have the right to set off as against the receiver of the bank, to which defendant owed the obligation as indicated

by the note upon which action was instituted? The bank's obligation was to the partnership of Matz & Matz, and not to defendant alone, the note in question was an obligation of L. E. Matz only, not a partnership obligation due the bank. The amount due from the bank to Matz & Matz as a partnership belonged to both in equal proportions, there had been no division of this partnership asset. In order to be a proper subject of set off the claim must be mutual and subsisting obligations by the same parties and held in the same light and character.

9 Corpus Juris Secyndum, page 1329, paragraph 760, mutuality is defined as follows:

"Mutuality as respects rights to set-off deposit against debt due insolvent national bank means right of each to maintain suit against the other on demand."

In the case of Townsend against Millikin, Texas Civ. App. 294 SW 938-939 and Barker v Hauberg, 156 NE 806 reports say:

"Mutuality requires a contract to be of such a character that at the time it was entered into it might have been enforced by either of the parties against the other."

In the light of these definitions was there mutuality present? The bank on the obligation owing by L. E. Matz could sue and enforce same against L. E. Matz only. The obligation owing by the bank was an obligation due the partnership of Matz & Matz and the partnership only, could bring an action against the bank to collect same.

It is therefore clear that the obligations were not mutual obligations and therefore not enforceable in an action at law and the fact that a receiver entered into such arrangement did not bind the comptroller as such a contract would be against public policy, ultra vires and void as permitting an off-set when not allowable by law and therefore a preference of the distribution of the assets of the insolvent bank.

A separate demand can not be set-off against a joint one, or a joint debt against a separate one, Gray v Rolls, 18 Wall, 629; Scannon v Kimball, 92 U. S. 362. Woolman v Capital National Bank, 31 P. 235. The latter was an action by a firm against defendant The court held that the defendant could not set off a claim against one of the members of the partnership and held that if the action was by the payee firm, defendant could not off-set a claim against a co-partner of such firm.

18 Cyc. p. 898 the author states:

"Debts and demands between parties to a suit are not mutual when that in favor of one party is against the other party jointly with others as parties. Consequently, in an action by a personal representative on a demand due by defendant alone, defendant can not set-off a demand against decedent due to him and another jointly, nor can he set-off a demand to him from decedent and others jointly. In an action by personal representative to recover on a claim due the decedent, claim growing out of partnership dealings between the decedent and defendant are not a proper subject of set-off or counerclaim where there has been no accounting or final settlement of the partnership affairs."

Set-offs are in this state regulated by statutes,

Sec 11319 GC provides:
"A set-off is a cause of action existing in favor of a defendant againts a plaintiff between whom a several judgment might be had in the action and arises on contractor ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

Sec 11321 GC provides:
"When cross demands have existed between persons under such circumstances that if one had brought an action against the other a counter claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

No set-off is available under these sections unless mutuality of obligation be present. In the case of **Andrews v State, 124 Oh St 348,** the court say:

"Any payment by a stockholder of a bank toward restoration of impaired capital while the corporation is a going concern is a voluntary payment, and cannot be set-off against the statutory and constitutional liability to creditors to the extent of the amount of the par value of his stock."

The court also say in that case that:
"An agreement by the superintendent of banks to credit such voluntary payment upon the stockholders' secondary liability, is

unenforceable either at law or in equity. A set off whether legal or equitable must relate to cross demands in the same right and when there is mutuality of obligation."

The courts of this state have through the years adhered to the doctrine of equitable set-off which is a doctrine of ancient origin and have held that cases might arise where under the rigidity of the law an off-set would not be available and have granted relief on equitable principles. However, in the case of **Andrews** **v State, 124 Oh St 348,** supra the court held that mutuality of obligations must be present in equitable as well as legal set-offs, to the same effect see **31 N.P. (N.S.) 409.** It being clear that in the instant case there was no mutuality or obligations between the bank and the defendant, no right of set-off was available to defendant. Neither did the receiver have authority to enter into such an agreement.

For these reasons the action of the trial court must be and hereby is affirmed.

Judgment affirmed.

NICHOLS, PJ, and BENNETT, J, concur in the judgment.